675 So.2d 622 (1996)
Bruce Robert BORTZ, Appellant,
v.
Deborah Lynn BORTZ n/k/a Deborah Lynn Spencer, Appellee.
No. 95-2179.
District Court of Appeal of Florida, First District.
May 20, 1996.
Rehearing Denied July 12, 1996.
*623 Glenn K. Allen, Jacksonville, for Appellant.
Dale G. Westling, Sr., Jacksonville, for Appellee.
WEBSTER, Judge.
Appellant (the former husband) seeks review of an amended order granting appellee's (the former wife's) motion seeking enforcement of provisions of a final judgment which had dissolved the parties' marriage. Because we conclude that the trial court lacked jurisdiction to enter the amended order in the absence of a timely and proper motion for rehearing, we reverse.
Represented by an attorney, the former wife filed a motion requesting enforcement of a provision of a settlement agreement incorporated by reference into the final judgment which had dissolved the parties' marriage. Through his attorney, the former husband filed a response, denying that the former wife was entitled to enforcement of the provision. At the conclusion of an evidentiary hearing held on May 8, 1995, the trial court orally announced that the former wife's motion was denied, and requested counsel for the former husband to prepare a proposed order. On May 16, an order denying the former wife's motion was filed. On May 24, a different attorney filed a motion, purportedly on behalf of the former wife, requesting a rehearing. No motion was filed requesting that the new attorney be permitted to replace the former wife's prior attorney. Following another hearing on June 9, the trial court entered an "amended order" on June 13, reversing itself and granting the former wife's request for enforcement. The amended order contains the following language:
Present at the hearing [on the motion for rehearing] were the attorney for the former husband and the attorney who filed the instant motion and who intends to be substituted for the former wife's present attorney. Because no such substitution of counsel has yet occurred, the Court finds that it cannot consider the motion for rehearing *624 "filed" by the former wife; however, the Court sua sponte determines that its previous order should be clarified and amended.
On appeal, the former husband argues that, because it correctly concluded that the motion for rehearing was a nullity, the trial court lacked jurisdiction to proceed to change its decision and to enter the amended order. We agree.
Florida Rule of Judicial Administration 2.060(h), entitled "Substitution of Attorneys," directs that, although "[a]ttorneys for a party may be substituted at any time by order of court[,] [n]o substitute attorney shall be permitted to appear in the absence of an order." That rule further directs that "[t]he client ... be notified in advance of the proposed substitution and ... consent in writing to the substitution[,] [which] written consent shall be filed with the court." The record does not reflect that a motion was ever filed requesting leave by the second attorney to substitute for the former wife's first attorney, or that the former wife consented in writing to such a substitution. Moreover, no order was ever entered permitting substitution. Accordingly, based upon the clear language of rule 2.060(h), we conclude that the trial court correctly determined that the motion for rehearing, filed by the second attorney, was a nullity. In the absence of a timely and proper motion for rehearing, the trial court lost jurisdiction to reconsider the merits of its original May 16 order ten days after that order had been filed. Fla.R.Civ.P. 1.530(b). See, e.g., Shelby Mut. Ins. Co. v. Pearson, 236 So.2d 1 (Fla.1970) (absent timely and proper motion for rehearing, order becomes final, and trial court lacks authority to modify it); Meyer v. Meyer, 525 So.2d 462 (Fla. 4th DCA) (trial court loses jurisdiction to amend final order when motion for rehearing not filed within time afforded by rule 1.530), review denied, 536 So.2d 244 (Fla. 1988).
The former wife argues that, even if the trial court lacked the power to reconsider the May 16 order pursuant to rule 1.530, its action was, nevertheless, permitted by Florida Rule of Civil Procedure 1.540. However, rule 1.540(a) permits action by the trial court "on its own initiative" only to correct "[c]lerical mistakes ... and errors... arising from oversight or omission." It is not designed to permit substantive changes in final orders, especially changes which reverse the outcome. See, e.g., Dolin v. Dolin, 654 So.2d 223, 224 (Fla. 5th DCA 1995) ("Changing the complete nature of the judgment ... falls outside the category of clerical mistakes or errors"); Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1971) ("clerical mistakes include only errors or mistakes arising from accidental slip or omission and not errors or mistakes in the substance of what is decided by the judgment or order"), cert. denied, 280 So.2d 682 (Fla.1972). While a trial court may also act on its own motion pursuant to rule 1.540(b), it may do so only in the limited circumstances set out. Fiber Crete Homes, Inc. v. Division of Administration, 315 So.2d 492 (Fla. 4th DCA 1975). "Mistakes which result from oversight, neglect or accident are subject to correction under rule 1.540(b)(1). However, judicial error such as a `mistaken view of the law' is not one of the circumstances contemplated by the rule." Curbelo v. Ullman, 571 So.2d 443, 445 (Fla.1990). Rule 1.540(b) "was neither intended to serve as a substitute for the new trial or rehearing mechanism prescribed by [r]ule 1.530, nor as a substitute for appellate review of judicial error." A.W. Baylor Plastering, Inc. v. Mellon Stuart Co., 611 So.2d 108, 109 (Fla. 5th DCA 1992). Because it is clear that the trial court's amended order was an attempt to correct what the trial court perceived to be a "judicial error," rather than a "mistake," the amended order may not be upheld by reliance on rule 1.540.
In summary, because the trial court lacked jurisdiction to enter the amended order, we reverse, and remand with directions that the trial court reinstate its original, May 16, 1995, order denying the former wife's request for enforcement.
REVERSED and REMANDED, with directions.
MICKLE and LAWRENCE, JJ., concur.