675 So.2d 1024 (1996)
STATE of Florida, DEPARTMENT OF REVENUE, By and on Behalf of Nadean THOMAS, Appellant,
v.
Lee Roy THOMAS, Appellee.
No. 95-4548.
District Court of Appeal of Florida, First District.
June 25, 1996.
*1025 Joseph R. Boyd and William H. Branch of Boyd & Branch, P.A.; Chriss Walker, Department of Revenue, Tallahassee, for Appellant.
Dale E. Rice, Crestview, for Appellee.
PER CURIAM.
The State of Florida, Department of Revenue, by and on behalf of Nadean Thomas, appeals an order granting a motion for relief from the final judgment of dissolution. The order reduced Lee Roy Thomas' child support obligation from $500 to $400 per month. We reverse.
Lee Roy Thomas contends that he was entitled to relief under Rule 1.540(a), Florida Rules of Civil Procedure, because the initial award of $500 child support was due to a "clerical" mistake in the entry of the judgment. However, clerical mistakes under Rule 1.540(a) encompass only errors or mistakes from accidental slip or omission and not errors or mistakes in the substance of what is decided by the judgment or order. Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla.1979); Peters v. Peters, 479 So.2d 840, 841 (Fla. 1st DCA 1985)(change in the amount of child support due is a change in "substance" not a "clerical" mistake). There was no evidence in this case that the trial judge who entered the final judgment of dissolution meant to award only $400 in child support support, but through an accidental slip or omission awarded $500 instead.
Appellant's Issue II, arguing that the effect of the trial court's order will be to erroneously retroactively modify vested child support arrearages, has been rendered moot by our reversal of that order. Upon remand, if the trial court wishes to reduce past-due child support arrearages, it must be guided by the law that "absent extraordinary or compelling circumstances such as waiver, laches, estoppel, or reprehensible conduct on the part of the custodial parent, a trial court cannot cancel or retrospectively reduce the amount of past-due installments owed." State, Dept. of Health and Rehabilitative Services v. Burns, 654 So.2d 1014, 1016 (Fla. 1st DCA 1995).
REVERSED and REMANDED for proceedings consistent with this opinion.
BOOTH, JOANOS and VAN NORTWICK, JJ., concur.