787 So.2d 237 (2001)
Diane I. BOLTON, Appellant,
v.
Michael BOLTON, Appellee.
No. 2D00-768.
District Court of Appeal of Florida, Second District.
May 23, 2001.
*238 Cynthia L. Greene of Law Offices of Cynthia L. Greene, P.A., Miami, and Law Offices of Allyson Hughes, P.A., New Port Richey, co-counsel for Appellant.
No brief filed by Appellee.
FULMER, Judge.
Diane Bolton ("Wife") appeals the final judgment dissolving her marriage to Michael Bolton ("Husband"). Due to the procedural error that occurred when the trial court signed two conflicting final judgments, we reverse and remand for a new trial.
The parties were married in 1974 and separated in 1997. There were no children born of the marriage and the parties resolved issues of equitable distribution through mediation. The only contested issue at the final hearing was the Husband's request for alimony.
No transcript of the final hearing held on September 28, 1999, has been submitted to this court. The record reflects that after the final hearing the Husband's counsel submitted a proposed final judgment of dissolution, which ordered the Wife to pay the Husband the sum of $400 per month in permanent periodic alimony. The trial court signed and entered the Husband's proposed judgment on December 20, 1999. The Wife filed a timely motion for rehearing along with her own proposed final judgment, which denied the Husband's request for alimony. The trial court signed the Wife's proposed judgment on January 3, 2000, and it was filed on January 5, 2000. On January 25, 2000, the trial court entered an order clarifying the conflicting final judgments. The court vacated the January 3, 2000, final judgment, stating that it was entered in error, and affirmed the December 20, 1999, judgment.
On appeal, the Wife challenges the trial court's order of January 25, 2000, arguing that: (1) the trial court erred in directing the parties to prepare final judgments in the absence of a ruling from the court on the evidence; (2) the record demonstrates that the trial judge did not recall the case when he signed the judgments months after the final hearing; and (3) the trial judge lacked jurisdiction to enter the January 25th order because he lost jurisdiction ten days after entry of the final judgment.
We reject the Wife's first two arguments because she did not bring forth an adequate record to support her first argument, and, as to the second argument, the delay between the final hearing and the entry of the judgments was not so significant as to give rise to a presumption that the trial court did not remember the case. We agree, however, that the trial court lacked jurisdiction to correct its error on January 25, 2000.
A trial court may correct a clerical error "at any time on its own initiative" pursuant to Florida Rule of Civil Procedure 1.540(a), but judicial errors, which include errors that affect the substance of a judgment, must be corrected within ten days after entry of the judgment pursuant *239 to Florida Rule of Civil Procedure 1.530, or by appellate review. See Clearwater Oaks Bank v. Plumtree, 477 So.2d 1023 (Fla. 2d DCA 1985); Bortz v. Bortz, 675 So.2d 622 (Fla. 1st DCA 1996); State, ex rel. Thomas v. Thomas, 675 So.2d 1024 (Fla. 1st DCA 1996); Frisard v. Frisard, 497 So.2d 885 (Fla. 4th DCA 1986); Pompano Atlantis Condo. Ass'n v. Merlino, 415 So.2d 153 (Fla. 4th DCA 1982). The error that occurred below was a judicial error that affected the substance of the judgment, and therefore, the trial court was without jurisdiction to correct it on January 25, 2000. Given the nature of the error, we vacate both final judgments and remand for a new trial. See Manas v. Manas, 732 So.2d 1155 (Fla. 3d DCA), review denied, 744 So.2d 455 (Fla.1999).
Reversed and remanded.
PARKER, A.C.J., and SILBERMAN, J., Concur.