838 So.2d 626 (2003)
Rebecca C. DEY, Appellant/Cross-Appellee,
v.
Gordon J. DEY, Jr., Appellee/Cross-Appellant.
No. 02-407.
District Court of Appeal of Florida, First District.
February 28, 2003.
John L. Myrick, Esquire, Pensacola, for Appellant/Cross-Appellee.
Keith A. McIver, Esquire, Chase, Quinnell, McIver, Jackson & Makrs, P.A., Pensacola, for Appellee/Cross-Appellant.
*627 PER CURIAM.
The appellee petitioned the court to reduce or terminate his monthly alimony payments and to reduce his child support payments. After an evidentiary hearing, the trial court reduced appellee's alimony obligation based on its comparison of the parties current incomes, but increased appellee's child support obligation sua sponte. On appeal, appellant argues that the trial court erred in reducing the alimony amount and on cross-appeal, appellee argues the trial court erred by failing to terminate his alimony obligation and increasing his child support obligation. We affirm the trial court's decrease in the amount of appellee's alimony obligation without further discussion. However, we reverse that portion of the trial court's order increasing appellee's child support obligation.
A trial court cannot modify a child support provision sua sponte, unless such modification was properly pled and notice was given so that the opposing party has a fair opportunity to respond. Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974); Koken v. Neubauer, 374 So.2d 49, 50 (Fla. 3d DCA 1979). In this case, appellant attempted to plead her claim for an increase in child support by orally moving to amend the pleadings to include the claim after the trial court's sua sponte order. According to Florida Family Law Rule 12.190, amendment of pleadings to conform to the evidence presented is permitted when the unpleaded issues are tried by express or implied consent of the parties. See Fla. R. Civ. P. 1.190. To determine the existence of implied consent, the court considers whether the opposing party had a fair opportunity to defend against the unpleaded issue and whether the party could have offered additional evidence on that issue if it had been pled. Smith v. Mogelvang, 432 So.2d 119 (Fla. 2d DCA 1983). Here, appellant's motion in of itself effectively amounted to a counter-petition. Thus, appellee was not given a fair opportunity to adequately defend or respond to appellant's claim for an increase in child support, nor did the appellee implicitly consent to such claim. Since the appellee was prejudiced, the trial court erred in granting appellant's motion to amend the pleadings.
Accordingly, the portion of the trial court's order increasing the appellee's child support obligation is reversed and remanded for consideration of appellee's motion for reduced child support payments. If the trial court deviates from the child support guidelines in an amount exceeding 5%, the court must provide specific findings to support the deviation.
AFFIRMED in part, REVERSED in part and REMANDED.
BARFIELD, POLSTON and HAWKES, JJ., concur.