848 So.2d 1180 (2003)
Julie M. BYERS, Appellant,
v.
Robert A. CALLAHAN, Appellee.
No. 2D02-2838.
District Court of Appeal of Florida, Second District.
May 23, 2003.
Rehearing Denied June 26, 2003.
*1182 Karol K. Williams of Karol K. Williams, P.A., Tampa, for Appellant.
Richard G. Pippinger, Tampa, for Appellee.
VILLANTI, Judge.
Julie Byers, the former wife, challenges the trial court's order granting a motion for correction of final judgment filed by Robert Callahan, the former husband, pursuant to Florida Rule of Civil Procedure 1.540. We affirm in part and reverse in part.
Byers and Callahan married on October 1, 1998, and separated in January 1999. The parties' only daughter was born January 6, 1999. The final judgment dissolving the parties' marriage was rendered on March 21, 2000; however, due to a clerical error in the clerk's office, it was never mailed to the parties. Thus, by the time the parties learned of the final judgment, the time for filing an appeal had expired.
Rather than seeking to have the entire judgment set aside and reentered, Callahan filed a rule 1.540 motion to correct the final judgment on September 15, 2000, contending that the trial court improperly included daycare expenses in the child support award when Byers had not incurred and was not incurring such expenses. Because the original trial judge was no longer in the civil division, the new trial judge requested that the parties file memoranda addressing the issue raised in the motion.
Callahan filed his memorandum on December 15, 2000. In it, he raised for the first time another alleged error in the final judgment. Callahan contended that the trial court had improperly allowed six months of transitional alimony rather than five months for the period from November 1, 1998, to April 1, 1999, and that this mathematical error was correctable through his rule 1.540 motion.[1] In her responsive memorandum, Byers objected to Callahan raising this "new" error because it had not been raised in Callahan's rule 1.540 motion. Despite Byers' objection, Callahan did not seek leave to amend his motion to add this "new" error as a basis for relief.
For various reasons not relevant to this opinion, the parties took no further action until April 2002. At that point, Callahan filed another memorandum in support of his motion to correct the judgment. In that memorandum, in addition to rearguing the daycare expense and transitional alimony issues, Callahan argued for the first time that the trial court had erred in calculating the child support award by adding daycare expenses twice. Byers again objected to the transitional alimony issue being considered since it was not *1183 raised in Callahan's rule 1.540 motion, and she objected to the new grounds for attacking the daycare expenses. Despite these objections, Callahan still did not seek leave to amend his rule 1.540 motion.
At the hearing on Callahan's motion, Callahan presented evidence that Byers had lied about her daycare expenses at the hearing on the final judgment. Byers had testified at the final judgment hearing in February 2000 that she was working full time and incurring daycare expenses. However, she testified in a subsequent deposition that she had not worked for three months before the final hearing and for three months after the final hearing. Over Byers' objection, Callahan also argued that the original trial judge had made mathematical errors in calculating the amount of transitional alimony due. In addition, over Byers' objection, Callahan argued that the original trial judge had added daycare expenses twice when calculating Callahan's child support obligation.
In response, Byers presented paystubs and handwritten receipts for daycare payments that purported to show that she had been working and incurring daycare expenses during some of the months in question. In addition, she argued that the alleged errors Callahan sought to correct were not clerical errors correctable through a rule 1.540 motion but, if anything, were judicial errors that had to be corrected by way of appeal. She also argued that Callahan was precluded from contesting the transitional alimony award because he had not raised that issue in his rule 1.540 motion.
After considering this evidence, the trial court granted Callahan relief on both issues. The trial court found that the original trial judge had made a mathematical error when he computed the transitional alimony due by including payments for six months rather than five. The trial court also found that the original trial judge erred by including daycare expenses twice in his calculation of Callahan's child support obligation. In the alternative, the trial court found that Byers had made material misrepresentations concerning the daycare expenses she had actually incurred. Therefore, the trial court reduced the amount of transitional alimony owed to Byers and reduced Callahan's child support obligation.[2]
In this appeal, Byers raises three grounds for relief. Byers first contends that the trial court erred in correcting the transitional alimony award because the alleged error in that award was neither pleaded in the rule 1.540 motion nor tried by express or implied consent. We agree.
Under Florida law, a trial court is without jurisdiction to "hear and determine matters which are not the subject of appropriate pleadings and notice." Todaro v. Todaro, 704 So.2d 138, 139 (Fla. 4th DCA 1997) (quoting Defreitas v. Defreitas, 398 So.2d 991, 992 (Fla. 4th DCA 1981)); see also Lamelas v. Granados, 730 So.2d 387 (Fla. 2d DCA 1999). However, when issues not raised by the pleadings are tried by express or implied consent, they are treated as if they had been raised by the pleadings. Fla. Fam. L.R.P. 12.190; Fla. R. Civ. P. 1.190(b); Buday v. Ayer, 754 So.2d 771, 772 (Fla. 2d DCA 2000); Dey v. Dey, 838 So.2d 626, 627 (Fla. 1st DCA 2003); Todaro, 704 So.2d at 139.
In this case, there is no question that Callahan did not raise the issue of the alleged overpayment of transitional alimony *1184 in his rule 1.540 motion. Therefore, the issue was properly before the trial court only if it was tried by express or implied consent. The record is clear that Byers did not expressly consent to trying this issue. Moreover, implied consent does not exist when the opposing party objects to the argument or the introduction of evidence. Flemming v. Flemming, 742 So.2d 843, 844 (Fla. 1st DCA 1999) ("The issue of rotating custody was not tried by implied consent because Former Wife raised a proper objection."); Todaro, 704 So.2d at 139 ("[I]t cannot be said that this issue was tried by implied consent where Former Wife objected to the trial court hearing matters that were not properly pled."); Hemraj v. Hemraj, 620 So.2d 1300, 1301 (Fla. 4th DCA 1993). Here, Byers consistently and repeatedly objected to any argument or evidence on the issue of the transitional alimony. Therefore, this issue was not tried by implied consent.
Because the alleged error in the transitional alimony was not pleaded and was not tried by express or implied consent, the trial court erred in awarding relief on this issue. Therefore, we reverse this aspect of the trial court's order and remand for reinstatement of the original amount of transitional alimony.
Second, Byers contends that the trial court erred in recalculating the child support award to delete the daycare expenses because rule 1.540(a) cannot be used to make substantive changes to a final judgment. Because the trial court actually corrected the child support award under rule 1.540(b), this argument has no merit.
As an initial matter, we note this issue was properly before the trial court. In Callahan's amended motion to correct final judgment, Callahan argued that daycare expenses were improperly included in the child support award because Byers did not incur any daycare expenses. Thus, the issue of the propriety of the daycare expense award was properly raised in the rule 1.540 motion and was properly before the trial court.
Turning to the substance of the argument, Byers is correct that the alleged error in the child support award cannot be characterized as a "clerical mistake" for which relief is available under rule 1.540(a). The "clerical mistakes" referred to by rule 1.540(a) are only "errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the [s]ubstance of what is decided by the judgment or order." Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla. 1979) (quoting Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1971)); see also Clearwater Oaks Bank v. Plumtree, 477 So.2d 1023, 1024-25 (Fla. 2d DCA 1985) (holding that rule 1.540 is not available to make substantive changes to a judgment). Clearly, the question of whether the original trial judge erred in setting the amount of child support or misapplied the child support guidelines to the facts of this case is not a "clerical mistake" for which relief is available under rule 1.540(a).
However, under rule 1.540(b), the court may relieve a party from a final judgment if it determines that the final judgment was procured by fraud, misrepresentation, or other misconduct. In this case, Callahan argued that Byers committed fraud on the court by misrepresenting her employment status and daycare expenses at the final judgment hearing. While Byers contested this characterization of her conduct at the hearing on Callahan's rule 1.540 motion, the trial court specifically found that "there was a clear material misrepresentation by the Former Wife regarding her incurred child care costs." Thus, the trial court's decision to *1185 relieve Callahan of the daycare expense portion of the child support award was proper based on its finding that Byers had procured this portion of the child support award through a material misrepresentation.
In this appeal, Byers takes issue with the trial court's findings of fact concerning her work history and daycare expenditures, arguing that she offered proof that she did, in fact, work and incur daycare expenses. It is true that at the hearing on Callahan's motion, Byers introduced into evidence some receipts that allegedly showed that she was working for a portion of the time in question. However, Byers clearly testified in her deposition that she was not working for the three months before and the three months after the February 2000 hearing. This testimony flatly contradicts the offered receipts, some of which are handwritten by individuals who can no longer be located. The resolution of this factual discrepancy was solely within the province of the trial court and will not be disturbed by this court on appeal.
Because the daycare expenses were properly before the court and because there was competent evidence in the record to show that Byers made misrepresentations in procuring that portion of the child support award, the trial court acted within its discretion in recalculating the child support award pursuant to rule 1.540(b) to remove the daycare expenses. Therefore, we affirm this portion of the trial court's order.
Finally, Byers contends that the trial court erred in sustaining Callahan's objection to her proffered argument concerning alleged deviations from the child support guidelines made by the original trial court. We disagree. The proffered argument was not relevant to the issues raised by Callahan's motion. Therefore, the trial court did not err in sustaining the objection to this argument.
We reverse that portion of the trial court's order that altered the amount of transitional alimony due to Byers and remand for reinstatement of the original award. We affirm the trial court's order in all other respects.
Affirmed in part; reversed in part; and remanded.
CASANUEVA, J., and THREADGILL, EDWARD F., SENIOR JUDGE, Concur.
NOTES
[1] The term "transitional alimony" is a misnomer in this case. The "transitional alimony" payments were intended to cover the income Byers lost between November 1, 1998, and April 1, 1999, due to her inability to work during that period because of medical complications during her pregnancy and after the child's birth.
[2] The trial court also granted Byers' motion for attorney's fees. That ruling is not at issue in this appeal.