875 So.2d 1286 (2004)
N. Arnold MALONE, Appellant,
v.
Kelly Y. PERCIVAL, Appellee.
No. 2D03-3054.
District Court of Appeal of Florida, Second District.
July 9, 2004.
*1287 Elizabeth S. Wheeler of Berg & Wheeler, P.A., Brandon, for Appellant.
Kelly Y. Percival, pro se.
CANADY, Judge.
N. Arnold Malone (former husband) appeals an order awarding attorneys' fees to Kelly Y. Percival (former wife), as well as an addendum to the final judgment entered in an action for dissolution of marriage. We conclude that the former husband has presented no ground justifying reversal of the order on attorneys' fees and therefore affirm that order. With respect to the addendum to the final judgment of dissolution, however, we conclude that reversal is required because the addendumwhich purports to correct scrivener's errorsin fact constitutes an unauthorized amendment of the final judgment.
The judgment of dissolution in this matter was entered on March 4, 2003. On April 9, 2003, the former wife filed a motion to correct scrivener's errors. The motion requested that the court order the former husband to pay child support until the parties' son graduated from high school in May 2004, beyond the time set forth in the judgment, which was until the son's eighteenth birthday in September 2003. In addition, the motion sought inclusion in the judgment of a provision that the former husband provide yearly proof to the former wife that he was in compliance with a provision of the judgment requiring him to maintain life insurance of at least $100,000 to secure support payments, with the former wife as the beneficiary.
On June 18, 2003, the circuit court entered the addendum to the final judgment, which included the provisions sought in the former wife's motion. In addition, with respect to a provision in the final judgment requiring the former wife to pay the former husband $36,355.80 to buy out his interest in the family homes, the trial court sua sponte included in the addendum the following provision:
That [s]imultaneously with being paid $36,355.80 as his share of equity in the marital home, the Former Husband shall execute any and all deeds, bills of sale, endorsements, forms[,] conveyances[,] or other documents, and perform any act necessary or required to carry out and effectuate the purposes and provisions herein set forth. In the event of the failure of the Former Husband to perform as agreed herein, this *1288 order shall constitute and operate as such properly executed document. Public and private officials are authorized and directed to accept a properly certified copy herein in lieu of the document regularly required for the conveyance or transfer. However, this executory clause shall not eliminate or diminish either parties' obligation to properly execute documents or otherwise perform any action required by the terms and conditions of this Court order.
"A trial court may correct a clerical error `at any time on its own initiative' pursuant to Florida Rule of Civil Procedure 1.540(a), but judicial errors, which include errors that affect the substance of a judgment, must be corrected within ten days pursuant to Florida Rule of Civil Procedure 1.530[ (g)], or by appellate review." Bolton v. Bolton, 787 So.2d 237, 238-39 (Fla. 2d DCA 2001). As stated in Byers v. Callahan, 848 So.2d 1180, 1184 (Fla. 2d DCA 2003), "[t]he `clerical mistakes' referred to by Rule 1.540(a) are only `errors or mistakes arising from accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order.' Town of Hialeah Gardens v. Hendry, 376 So.2d 1162, 1164 (Fla.1979) (quoting Keller v. Belcher, 256 So.2d 561, 563 (Fla. 3d DCA 1971))."
Here, the former wife's motion sought the correction of scrivener's errors pursuant to rule 1.540(a) rather than seeking to alter or amend the judgment pursuant to rule 1.530(g). At the time the motion was filedmore than a month after entry of the final judgmentthe ten-day period after entry of judgment for filing a motion under rule 1.530(g) had long since passed. The trial court thus purported to act under the authority of rule 1.540(a). The changes in the final judgment made by the trial court were, however, beyond the scope of the clerical corrections to final judgments authorized by rule 1.540(a). A change in the amount of child support required to be paid is substantive, not clerical. See State v. Thomas, 675 So.2d 1024, 1025 (Fla. 1st DCA 1996); Peters v. Peters, 479 So.2d 840, 841 (Fla. 1st DCA 1985). The addition of a provision extending support for the parties' son beyond his eighteenth birthday until his graduation from high school was substantive, not clerical, and thus not authorized by rule 1.540(a). The additional enforcement procedures with respect to the conveyance of the former husband's interest in the family home and the requirement that he annually document maintenance of the life insurance required by the judgment are also substantive changes in the judgment. See Clearwater Oaks Bank v. Plumtree, 477 So.2d 1023 (Fla. 2d DCA 1985). The provisions in the addendum to the final judgment thus were unauthorized under rule 1.540(a), and the addendum order of the trial court is therefore reversed.
Affirmed in part and reversed in part.
CASANUEVA and SILBERMAN, JJ., concur.