884 So.2d 164 (2004)
COMMONWEALTH LAND TITLE INSURANCE COMPANY, Appellant,
v.
Stephen A. FREEMAN and Nelson Slosbergas, as Trustees, Appellees.
No. 2D03-4802.
District Court of Appeal of Florida, Second District.
July 23, 2004.
*165 Marsha G. Rydberg and Thomas H. Rydberg of The Rydberg Law Firm, P.A., Tampa, for Appellant.
Mark J. Bernet and Jon T. Gatto of Buchanan Ingersoll, P.C., Tampa, for Appellees.
ALTENBERND, Chief Judge.
Commonwealth Land Title Insurance Company (Commonwealth) appeals an order *166 granting relief from judgment pursuant to Florida Rule of Civil Procedure 1.540(b). We conclude that the motion filed by Stephen A. Freeman and Nelson Slosbergas, as trustees (the Trustees),[1] contained no grounds entitling them to relief. Likewise, the trial court lacked a basis to provide relief on its own motion. The trial court correctly determined that it could not grant relief pursuant to Florida Rule of Civil Procedure 1.530(g). Accordingly, we reverse the order and remand for reentry of the judgment.
In 1995, the Trustees loaned the Feinstein Family Trust $2.1 million, secured by a mortgage on three parcels of real property. Commonwealth issued a lender's policy of title insurance for this transaction. Thereafter, the Feinstein Family Partnership filed a chapter 11 bankruptcy proceeding. In connection with the bankruptcy, two issues arose, which are not germane to this discussion. These issues might have permitted the Trustees to make a claim on the insurance policy based on other liens asserted against the property in the chapter 11 proceeding.
Commonwealth filed an action for declaratory judgment against the Trustees to determine its rights and responsibilities under the insurance policy concerning these two issues. The Trustees filed a counterclaim for breach of contract. The parties stipulated to many facts and tried the remaining issues before the trial court. On December 20, 2002, the court sent the parties a detailed memorandum, which favored Commonwealth, containing extensive findings of fact and rulings on the legal issues. Thereafter, at the request of the trial court, counsel for Commonwealth prepared a draft final judgment based on the memorandum. On February 12, 2003, the trial court entered its final judgment in accordance with its earlier memorandum. At the end of this judgment, the court "adjudged" that "[the Trustees] take nothing by their counterclaim and Commonwealth shall go hence without day."
On February 19, 2003, apparently on its own motion, the trial court filed an amended final judgment. The amended final judgment differs from the original judgment in only two minor ways. First, footnote 2 originally stated "Kennedy Funding was the holder of a prime mortgage," and the amended version changed "prime" to "priming." Second, footnote 8 had originally contained a list of items that the footnote stated were "printed in bold." They were not so printed. The amended judgment stated that they were "printed in italics," and they were so printed. The amendments changed nothing of substance in the final judgment, including the judgment in favor of Commonwealth on the counterclaim.
On Monday, March 3, 2003, the Trustees served a "motion to alter or amend judgment" pursuant to rules 1.530(g) and 1.540. This short motion alleged only that the court's judgment "made no findings whatsoever regarding [the Trustees'] principal defense, namely, that by its representations and inactions [Commonwealth] had waived its right under the insurance policy to insist upon [the Trustees'] strict compliance with the terms thereof." If the time for filing this motion was measured from the amended final judgment, it was served within the ten days allotted for a motion under rule 1.530(g). If measured from the original final judgment, however, the motion was untimely.
*167 After a hearing, the trial court concluded that the motion was untimely under rule 1.530, but granted the motion pursuant to rule 1.540. In the order granting relief, the trial court did not conclude that it had left open the Trustees' principal defense. Instead, it stated that it had failed to rule on the counterclaim due to inadvertence. The trial court found for the Trustees on the counterclaim, but concluded that the Trustees' damages were much lower than they claimed. The trial court did not determine the exact amount of damages in granting relief from the judgment. Commonwealth appealed this order.
Commonwealth argues that the trial court erred in concluding that there were any grounds upon which it could grant relief from the final judgment. We agree. The trial court simply reversed its position on the counterclaim, suggesting that it had inadvertently failed to rule on the counterclaim when it had clearly entered judgment against the Trustees on this counterclaim.
Considering the Trustees' motion first, it fails to allege any valid ground for relief from judgment that is enumerated in rule 1.540(b). The Trustees only argue that the trial court failed to rule on defenses presented at trial. This may be a valid ground for relief under rule 1.530, but it is not the type of mistake that permits relief from a judgment under rule 1.540(b). Rule 1.540(b) is intended to provide relief from judgments only under a limited set of circumstances. Fla. R. Civ. P. 1.540(b); Curbelo v. Ullman, 571 So.2d 443, 444 (Fla.1990); Fiber Crete Homes, Inc. v. Div. of Admin., 315 So.2d 492, 493 (Fla. 4th DCA 1975). A motion filed pursuant to rule 1.540 cannot be used as a substitute for an untimely motion for new trial or rehearing. Allstate Ins. Co. v. Gulisano, 722 So.2d 216 (Fla. 2d DCA 1998).
Despite the lack of express language in the rule giving judges authority to grant relief under 1.540(b) on their own motions, precedent permits a trial court to grant such relief on its on motion. See Bortz v. Bortz, 675 So.2d 622, 624 (Fla. 1st DCA 1996); Fiber Crete Homes, 315 So.2d at 493; In re Estate of Weymer, 199 So.2d 495, 496-97 (Fla. 4th DCA 1967), receded from on other grounds, In re Beeman's Estate, 391 So.2d 276 (Fla. 4th DCA 1980). The trial court, however, can only grant such relief for one of the enumerated reasons in the rule. "Mistakes which result from oversight, neglect or accident are subject to correction under rule 1.540(b)(1). However, judicial error such as a `mistaken view of the law' is not one of the circumstances contemplated by the rule." Curbelo, 571 So.2d at 445. Although the trial court characterized its correction as an inadvertent omission, the trial court in reality reversed its legal position by finding a breach of contract by Commonwealth. This is the type of judicial error that is not correctable on a rule 1.540 motion. Curbelo, 571 So.2d at 444; Everett v. Fla. Transp. Servs., Inc., 744 So.2d 1038, 1039 (Fla. 4th DCA 1999); Bortz, 675 So.2d at 624.
We have considered whether the trial court may have had authority to grant relief from the judgment on its own motion pursuant to rule 1.540(a). That rule allows judges to correct errors in judgments at any time on their own initiative for errors that arise from "oversight or omission." Although a trial court may correct a clerical error at any time under this rule, the law is clear that judicial errors that affect the substance of a judgment cannot be corrected in this fashion. Bolton v. Bolton, 787 So.2d 237, 238 (Fla. 2d DCA 2001); Clearwater Oaks Bank v. Plumtree, 477 So.2d 1023 (Fla. 2d DCA 1985); Bortz, *168 675 So.2d at 624; see also Malone v. Percival, 875 So.2d 1286 (Fla. 2d DCA 2004). Thus, rule 1.540(a) was not a vehicle available to the trial court in this case.
Recognizing the possible weakness of their position under rule 1.540, the Trustees argue that the trial court was right for the wrong reason. They claim that the trial court could have granted this relief under rule 1.530 because their motion was actually timely as such a motion. They argue that the time for the service of the motion ran from the entry of the amended judgment. With some reluctance, we agree with the trial court that established law does not support this argument. When a party wishes to challenge a judgment by motion or appeal, the time to challenge the judgment runs from the original judgment unless an amendment changes or clarifies a matter of substance. Cf. St. Moritz Hotel v. Daughtry, 249 So.2d 27 (Fla.1971); DeGale v. Krongold, Bass & Todd, 773 So.2d 630, 631-32 (Fla. 3d DCA 2000).
St. Moritz Hotel and DeGale apply the rule in calculating the time for an appeal from a final judgment or an amended final judgment. For purposes of determining time for filing a rule 1.530 motion, we conclude that the rule announced in St. Moritz and DeGale is applicable here because review pursuant to rule 1.530 is inextricably related to the procedures for taking an appeal. Under St. Moritz and DeGale, the time to appeal a judgment commences with the rendition of the initial judgment if the amended judgment does not change matters of substance. A timely and authorized rule 1.530 motion stays rendition of that judgment. See Fla. R.App. P. 9.020(h). Thus, a rule 1.530 motion must be filed from the judgment that can be appealed because the trial court clearly cannot grant a new trial or rehearing pursuant to rule 1.530 in a case where the judgment can no longer be appealed. In this case, the thirty days to appeal the initial judgment expired while the untimely motion was pending in the trial court.
In the amended final judgment, the trial court simply corrected "prime" to "priming" and altered the font in a footnote. These changes did not disturb, revise, or further clarify any legal rights. As a result, the Trustees' time for filing the motion pursuant to rule 1.530(g) ran from the date of the original final judgment. Thus, the trial court properly denied that aspect of the motion as untimely.
Accordingly, we reverse the order on appeal and require that the trial court reinstate the amended final judgment on remand.
STRINGER and VILLANTI, JJ., Concur.
NOTES
[1] Our record does not make clear the name of the trust entity for which Mr. Freeman and Mr. Slosbergas are trustees.