DAVIS, Judge.
 

 Gregory R. Leach challenges the trial court’s order setting aside its final judgment in Aria Salehpour’s breach of contract suit against him. We reverse.
 

 In November 2004, Salehpour and Leach entered into a contract for Leach to build for and sell to Salehpour a single-family residence. Pursuant to the contract, Salehpour paid $21,990 as an earnest money deposit at the time the parties signed the contract. Part IV of the contract stated that if Salehpour failed to obtain financing within the time specified in the contract, either party could cancel the contract and Salehpour would be refunded the deposit. Salehpour did not obtain the financing within the specified time, and Leach terminated the contract via a letter sent to Salehpour on August 17, 2005. Enclosed in the letter was a check in the amount of the deposit.
 

 Salehpour did not cash the check because he claimed that Leach had no basis to terminate the contract and he did not want to risk being accused of terminating the contract by cashing the check. On December 2, 2005, Salehpour filed suit against Leach and later amended the claim to include the builder, Heron Cove Construction, Inc. Salehpour alleged that Leach and Heron Cove breached the contract by failing to close as required by the contract and by refusing to allow his appraiser to access the property, an action he maintained prevented him from obtaining financing. Based on his claim that it was Leach who breached the contract, Sa-lehpour sued for damages and specific performance; however, he did not seek a determination of his entitlement to the earnest money deposit.
 

 On March 26, 2007, the circuit court entered summary judgment in favor of Heron Cove and ordered that Leach place $21,990 as the amount of the earnest money deposit into a separate interest-bearing bank account.
 
 [1]
 
 At trial, Leach moved to dismiss at the conclusion of Salehpour’s case. The trial court granted the motion and entered a final judgment on August 21, 2007. The final judgment, however, did not mention the $21,990 earnest money deposit. On August 23, 2007, Salehpour served a motion seeking a return of the deposit; the motion, however, was silent as to the basis under which Salehpour was seeking relief. On November 14, 2007, the trial court denied Salehpour’s motion, finding that Salehpour had failed to plead entitlement to the deposit. Salehpour did not appeal that order.
 

 
 *344
 
 On November 26, 2007, Salehpour filed a motion to modify/amend the final judgment. This motion also was silent as to which rule served as the basis of the relief sought. However, the motion stated that the “Rules of Civil Procedure allow amendment or modification of Final Judgments within one year after the Judgement [sic] has been entered.”
 

 On January 30, 2008, the trial court held a hearing on Salehpour’s motion. At the conclusion of the hearing, the court admitted “judicial error,” vacated the final judgment, and set the case for a new trial. The court specifically noted that it had not intended to deprive Salehpour of the opportunity to seek a return of the earnest money deposit. Leach now claims that the trial court abused its discretion by vacating the final judgment.
 

 Before addressing the merits of the claims, we must first address the basis of this court’s jurisdiction. While there is no doubt that this court has jurisdiction to review the trial court’s order, in order to apply the proper standard of review we must examine whether the order was entered pursuant to Florida Rule of Civil Procedure 1.540 or 1.530. Leach brought this appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(5) as an appeal from an order that ruled on a motion filed pursuant to rule 1.540(b), which allows a trial court to “relieve a party or party’s legal representative from a final judgment, decree, order, or proceeding for” certain enumerated reasons. Such orders are appealable and renewable under an abuse of discretion standard.
 
 J.J.K. Int’l, Inc. v. Shivbaran,
 
 985 So.2d 66, 68 (Fla. 4th DCA 2008) (“ ‘Our standard of review on an order ruling on a motion for relief from judgment filed under Florida Rule of Civil Procedure 1.540(b) is whether there has been an abuse of the trial court’s discretion.’ ” (quoting
 
 Snipes v. Chase Manhattan Mortgage Corp.,
 
 885 So.2d 899, 900 (Fla. 5th DCA 2004))).
 

 Salehpour, however, contends that the trial court did not simply enter an order on a rule 1.540 motion, but instead granted a new trial on its own motion pursuant to rule 1.530(d). According to Salehpour, this action by the trial court made appellate review available only through rule 9.110(a)(4), which allows for “review of orders granting a new trial in jury and non-jury civil and criminal cases described in rules 9.130(a)(4) and 9.140(c)(1)(C).” Appeals brought under rule 9.110(a)(4) are generally reviewed for an abuse of discretion but can be subject to de novo review if, as Salehpour maintains is the case here, they involve a pure question of law.
 
 See State Farm Mut. Auto. Ins. Co. v. Williams,
 
 943 So.2d 997, 999-1000 (Fla. 1st DCA 2006).
 

 To support his argument that Salehp-our’s motion to modify/amend final judgment had to have been brought pursuant to rule 1.540, Leach points out that Salehp-our sought amendment to the final judgment on the basis of mistake, which is one of rule 1.540’s enumerated reasons for relieving a party from a final judgment. Leach further argues, however, that the type of mistake the trial court corrected by vacating the final order was not a mistake correctable through a rule 1.540 motion after rendition of the final order and that such a mistake only can be corrected via rule 1.530 within ten days of the entry of the final judgment or through appellate review.
 

 We agree with Leach that the trial court’s failure to order the return of the earnest money deposit, if error at all, is not the type of error cognizable under rule 1.540. In
 
 Commonwealth Land Title Insurance Co. v. Freeman,
 
 884 So.2d 164,
 
 *345
 
 167 (Fla. 2d DCA 2004), this court reviewed an order granting relief pursuant to rule 1.540 based on a trial court’s ac-knowledgement of “judicial error” due to an inadvertent failure to rule on a counterclaim. This court reversed, holding that “[t]he trial court simply reversed its position on the counterclaim, suggesting that it had inadvertently failed to rule on the counterclaim when it had clearly entered judgment ... on this counterclaim.”
 
 Id.
 

 “Mistakes which result from oversight, neglect or accident are subject to correction under rule 1.540(b)(1). However, judicial error such as a ‘mistaken view of the law” is not one of the circumstances contemplated by the rule.”
 
 Curbelo[ v. Ullman],
 
 571 So.[]2d [443,] 445 [(Fla.1990) ]. Although the trial court characterized its correction as an inadvertent omission, the trial court in reality reversed its legal position.... This is the type of judicial error that is not correctable on a rule 1.540 motion.
 

 Id.; see also Pompano Atlantis Condo. Ass’n v. Merlino,
 
 415 So.2d 158, 154 (Fla. 4th DCA 1982) (“[Rule 1.540] only envisions ‘mistakes’ made in the ordinary course of litigation and does not contemplate judicial error.”). Instead, “ ‘judicial errors, which include errors that affect the substance of a judgment, must be corrected within ten days pursuant to [rule 1.530] or by appellate review.’ ”
 
 Malone v. Percival,
 
 875 So.2d 1286, 1288 (Fla. 2d DCA 2004) (quoting
 
 Bolton v. Bolton,
 
 787 So.2d 237, 238-39 (Fla. 2d DCA 2001)).
 

 There is nothing in the instant record to suggest that Salehpour brought the motion as a way of correcting a clerical error. If anything, Salehpour’s motion sought to correct an error of omission resulting either from Salehpour’s failure to plead the issue of his entitlement to the deposit or the trial court’s failure to address the issue despite entering a final judgment fully addressing each claim as pleaded. Pursuant to
 
 Freeman
 
 and
 
 Malone,
 
 Salehpour was not entitled to relief under rule 1.540.
 

 Furthermore, even if we determine, as Salehpour urges us to, that the trial court acted on its own initiative pursuant to rule 1.530(d), we must conclude that the trial court erred as a matter of law. Rule 1.530(d) does provide a method by which a trial court may vacate a final judgment and order a new trial on “its own initiative.” However, in order to do so, the trial court must act “[n]ot later than 10 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party.”
 
 Id.
 
 It is clear that any relief available through rule 1.530(d) to Salehpour was not initiated by the trial court within the time limit set out in the rule. As such, at the time the trial court acted, it lacked jurisdiction to order a new trial on its own motion.
 

 In conclusion, if the trial court treated Salehpour’s motion as one filed pursuant to rule 1.540, it abused its discretion by vacating the judgment and granting Sa-lehpour a new trial because such relief exceeds the scope of rule 1.540. If, however, the trial court ordered a new trial on its own initiative pursuant to rule 1.530(d), it erred as a matter of law by not adhering to the time limits of the rule. In either event, we reverse the trial court’s order vacating final judgment, and we remand for the reinstatement of the original final judgment. It should be noted that nothing in this proceeding would exclude Salehp-our from attempting to recover the earnest money deposit in a separate declaratory action.
 

 Reversed and remanded.
 

 FULMER and VILLANTI, JJ., Concur.
 

 [1]
 

 . Neither the summary judgment in favor of Heron Cove nor the order requiring the placement of the funds in the designated account are at issue in this appeal. Heron Cove is included as an appellee pursuant to Florida Rule of Appellate Procedure 9.020(g)(2).