PER CURIAM.
 

 Appellant seeks review of an order denying his motion for relief from judgment pursuant to Florida Rule of Civil Procedure 1.540. The subject of the motion is a Final Judgment of Modification rendered July 16, 2010, from which Appellant sought neither rehearing nor appeal. Appellant’s motion alleged,
 
 inter alia,
 
 that the judgment does not comport with the court’s findings at trial, it contains findings not supported by the evidence presented, and it ignores certain factors relevant to the issue of child custody and visitation. The trial court denied Appellant’s motion, and we affirm.
 

 Under rule 1.540, a party may seek relief from a final judgment for:
 

 (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.
 

 Fla. R. Civ. P. 1.540(b). Appellant’s motion does not establish any of these grounds, and instead challenges the substance and evidentiary basis of the final judgment. Although Appellant alleged misconduct by the Appellee in submitting a proposed final judgment to the court based on documents not placed into evidence during trial, the gravamen of Appellant’s complaint is that the trial court wrongly adopted a proposed judgment that lacks evidentiary support. The Florida Supreme Court has made it clear that rule 1.540 “was not ‘intended to serve as a substitute for the new trial mechanism prescribed by rule 1.530 nor as a substitute for appellate review of judicial error.’ ”
 
 Curbelo v. Ullman,
 
 571 So.2d 443, 444 (Fla.1990) (internal citation omitted).
 
 See Bortz v. Bortz,
 
 675 So.2d 622, 625 (Fla. 1st DCA 1996). Because Appellant presented no basis for relief from judgment under rule 1.540, we affirm the order denying his motion.
 

 AFFIRMED.
 

 BENTON, C.J., CLARK, and MARSTILLER, JJ., concur.