MORRIS, Judge.
The Florida Department of Revenue (DOR) appeals from a second amended final judgment in a child support proceeding. Because we conclude that the trial court lacked jurisdiction under Florida Rule of Civil Procedure 1.540(a) to vacate the preceding amended final judgment, we reverse.
I. Background
In March 2012, DOR, on behalf of the child’s mother, Lorraine Williams, filed a petition for support and other relief from Kirk Philip Annis. Annis did not appear at the hearing on the petition. Although DOR requested that income be imputed at a median wage level, the child support hearing officer rejected that request and recommended an imputation of income at minimum wage level. The trial court adopted that recommendation.
DOR then filed a motion to vacate under Florida Family Law Rule of Procedure 12.491(f), arguing that because Annis failed to participate in the proceeding and because there was no information concerning his income, the median wage level was the proper amount for imputation of income. After a hearing on that motion, the trial court vacated the original support order and entered an amended final judgment of support, imputing a yearly income of $40,766 to Annis, which equaled a gross monthly income of $3397.17.
In April 2013, Annis filed a supplemental petition for modification of support, seeking a downward modification based on a substantial change in circumstances. There is nothing in our record indicating that this petition was ever heard or ruled upon.
Then, in August 2013, DOR filed a motion to redirect support due to the fact that the minor child was no longer living with Williams. Annis did not respond to this pleading. A hearing was held on the motion, and although Annis was present at the hearing, there was no discussion of or evidence presented on the issue of propriety of the amended final judgment.
In December 2013, the child support hearing officer issued a new recommendation that resulted in the order on appeal. Thereafter, a successor judge sua sponte entered the order entitled “Second Amended Final Judgment of Modification to Correct Error.” The order purported to correct a clerical mistake pursuant to rule 1.540(a) and Florida Family Law Rule 12.540.[1] While noting that the use of a median wage level was “permissible under the law,” the court opined that it was “virtually never done.”[2] The court also opined that
it appears that incorrect income information was used to calculate the support at [DOR’s] hearing on the Motion to Vacate,[3] and the matter was not re *266 ferred back for further hearing but a Final Hearing ensued, to which [Annis] was not properly noticed as he was only noticed to appear for a Motion to Vacate.
The trial court reduced the imputation of income back from the median wage level to minimum wage level and directed the clerk of the circuit court “to establish retroactive support from 1/1/12-12/31/18.”
II. Analysis
Rule 1.540(a) permits a trial court at any time and on its own initiative to correct clerical mistakes “arising from oversight or omission.” However, “[i]t is not designed to permit substantive changes in final orders, especially changes which reverse the outcome.” Bortz v. Bortz, 675 So.2d 622, 624 (Fla. 1st DCA 1996). Instead, “ ‘judicial errors, which include errors that affect the substance of a judgment, must be corrected within ten days after entry of judgment pursuant to Florida Rule of Civil Procedure 1.530, or by appellate review.’ ”[4] Levy v. Levy, 900 So.2d 737, 746 (Fla. 2d DCA 2005) (quoting Bolton v. Bolton, 787 So.2d 237, 238-39 (Fla. 2d DCA 2001)).
“[T]he question of whether the original trial judge erred in setting the amount of child support or misapplied the child support guidelines to the facts ... is not a ‘clerical mistake’ for which relief is available under rule 1.540(a).” Byers v. Callahan, 848 So.2d 1180, 1184 (Fla. 2d DCA 2003). Instead, a change in the amount of child support is considered a substantive change which may not be corrected by rule 1.540(a). See Malone v. Percival, 875 So.2d 1286, 1288 (Fla. 2d DCA 2004); Dep’t of Revenue ex rel. Thomas v. Thomas, 675 So.2d 1024, 1025 (Fla. 1st DCA 1996). Similarly, a mistaken view of the facts or law is considered a judicial error that may not be corrected by rule 1.540(a). See Commonwealth Land Title Ins. Co. v. Freeman, 884 So.2d 164, 167 (Fla. 2d DCA 2004); Moforis v. Moforis, 977 So.2d 786, 788 (Fla. 4th DCA 2008); Bortz, 675 So.2d at 624.
It is clear from our record that the predecessor judge made an intentional decision to impute income to Annis at the median wage level during the hearing on DOR’s motion to vacate. There is simply nothing suggesting that the predecessor judge intended to impute income at the minimum wage level but failed to do so due to some oversight or omission. The successor judge’s findings in the second amended final judgment indicate that she believed that the median wage level imputation of income was the result of a mistaken view of the facts or law and that there had been a due process violation at the hearing on DOR’s motion to vacate. But those types of errors are judicial errors that must be redressed by appeal and not by rule 1.540(a). Consequently, because the trial court lacked jurisdiction under rule 1.540(a) to reduce the imputation of income on these facts, it committed fundamental error when it vacated the amended final judgment of support and entered the second amended final judgment of modification to correct error. See Pratt v. Gerber, 330 So.2d 552, 554 (Fla. 3d DCA 1976) (finding fundamental error where, based *267 on the same facts before the predecessor judge, a successor judge reversed a final judgment); see also F.B. v. State, 852 So.2d 226, 229 (Fla.2003) (explaining that the fundamental error doctrine applies where a jurisdictional error occurs).
DOR raises several other arguments in support of a reversal, including the argument that the trial court erroneously retroactively modified vested child support arrearages. However, the other issues are rendered moot by our reversal. See Thomas, 675 So.2d at 1025 (holding that issue of retroactive modification of vested child support arrearages was moot).
Reversed and remanded for proceedings in conformance with this opinion.
ALTENBERND and CRENSHAW, JJ., Concur.

. This rule provides that rule 1.540 governs motions for relief from judgment, decrees, or orders.

. The court noted that DOR requests an imputation of minimum wage in "99.99% of all other cases in which [a] Respondent fails to answer the Petition and income is unavailable.”

.The successor judge asserted that although DOR presented evidence at the hearing on its motion to vacate that Annis’s income was $4000 during the second quarter of 2012, the predecessor judge did not use that evidence to calculate support. While we think this assertion is questionable based on our review of the record, we need not resolve that issue due to our reversal of the order.

. In determining whether an error is a judicial error, " ‘[t]he key factor is whether or not the court reached a decision in the intentional or purposeful exercise of its judicial function. If the pronouncement reflects a deliberate choice on the part of the court, the act is judicial; errors of this nature are to be cured by appeal.’ ” In re Estate of Beeman, 391 So.2d 276, 281 (Fla. 4th DCA 1980) (quoting Spomer v. Spomer, 580 P.2d 1146, 1149 (Wyo.1978)); Paladin Props, v. Family Inv. Enters., 952 So.2d 560, 562 (Fla. 2d DCA 2007) (citing In re Estate of Beeman).