NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


DEPARTMENT OF REVENUE,                )
o/b/o Loretta Sermon, Cherral Smith,  )
and Yata Frichelle Canty,             )
                                      )
        Appellant,                    )
                                      )
v.                                    )   Case Nos.  2D14-823
                                      )              2D14-825
GEORGE BAKER,                         )              2D14-867
                                      )
        Appellee.                     )   CONSOLIDATED
                                      )
_____)

Opinion filed April 17, 2015.

Appeals from the Circuit Court for Pasco
County; Susan Gardner, Judge.

Pamela Jo Bondi, Attorney General, and
William H. Branch, Assistant Attorney
General, Tallahassee, for Appellant.

No appearance for Appellee.



VILLANTI, Chief Judge.


        The Department of Revenue seeks review of a court order that reduced

the amount of George Baker's monthly child support obligations.  Because the trial court

impermissibly altered the substance of a prior court's ruling, we reverse.

Baker is father to several children and makes regular child support payments to Loretta Sermon,[1] Cherral Smith,[2] and Yata Frichelle Canty,[3] all represented by the Department of Revenue. Baker's total payments made up a significant portion of his monthly income. At a status hearing held in the context of an enforcement proceeding, the hearing officer assigned to the case opined that Baker's payments might be exceeding the amount legally allowable. After the hearing, the hearing officer then reviewed the specifics of each case and filed a recommendation suggesting a reduction of payments to be made and amounts owed on arrearages. The trial court adopted the hearing officer's recommendations and entered an order reducing Baker's payments and arrearage. But, no opportunity to object was given nor was a hearing held before the court unilaterally lowered Baker's payments. As justification, the court noted in its order that, pursuant to Florida Rule of Civil Procedure 1.540(a), it could correct a "clerical error" in the previous order by its own initiative.

The facts of this case are very similar to those found in this court's recent decision in Department of Revenue ex rel. Williams v. Annis, 40 Fla. L. Weekly D565 (Fla. 2d DCA Mar. 13, 2015). In Annis, the trial court claimed to correct a "clerical error" in a previous court order when it changed the imputation of the father's income from the median wage level to the minimum wage level. The trial court maintained that rule

---

[1]Baker's support obligations to Sermon began in 1991 and terminated in 2004, with a balance of $12,219.05 due in arrearages at the time of the order on appeal.

[2]Baker's support obligations to Smith began in 1991 and were modified in 2006 upon the birth of their second child. At the time of the order on appeal, Baker owed $11,619.40 in arrearages.

[3]Baker's support obligation to Canty began in 2004, with a balance of $2377.08 due in arrearages at the time of the order on appeal.

1.540(a) gave it authority to make this correction at any time and on its own initiative. In reversing the trial court's order, this court noted that "a change in the amount of child support is considered a substantive change," and that the trial court lacked jurisdiction under rule 1.540(a) to make substantive changes to a prior judgment. Id. at D565; see also Malone v. Percival, 875 So. 2d 1286, 1288 (Fla. 2d DCA 2004); Byers v. Callahan, 848 So. 2d 1180, 1184 (Fla. 2d DCA 2003); Dep't of Revenue ex rel. Thomas v. Thomas, 675 So. 2d 1024, 1025 (Fla. 1st DCA 1996). Instead, any mistake in the amounts owed should have been corrected either within ten days of entry of the judgment pursuant to Florida Rule of Civil Procedure 1.530 or by appeal. See Annis, 40 Fla. L. Weekly at D565; Levy v. Levy, 900 So. 2d 737, 746 (Fla. 2d DCA 2005). In this circumstance, the concept of not utilizing a corrective order to make these substantive changes clearly applied.

Here, the trial court's concern would have been better handled if Baker were simply informed of his right to seek modification or if the Department had agreed to a reduction. Instead, the trial court unilaterally and substantively altered a prior court order without notice or a hearing. This was a substantive change for which the trial court lacked authority to address on its own initiative and not simply the correction of a clerical error. Accordingly, the trial court fundamentally erred when it entered the modification of Baker's child support payments without notice or without holding a hearing.

Reversed and remanded for further proceedings.


NORTHCUTT and BLACK, JJ., Concur.