# Third District Court of Appeal

## State of Florida

Opinion filed December 16, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-2896
Lower Tribunal No. 02-8172
_____

**John Theodorides,**
Appellant,

vs.

**Elizabeth Theodorides,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Mindy S. Glazer, Judge.

Catherine L. Roselli (Fort Lauderdale), for appellant.

Pamela Jo Bondi, Attorney General, and Toni C. Bernstein, Senior Assistant Attorney General, (Tallahassee), for Department of Revenue, appellee.

Before SHEPHERD, EMAS and FERNANDEZ, JJ.

SHEPHERD, J.

This is a former husband's appeal from a trial court order rendered pursuant to Florida Rule of Family Procedure 12.540, granting a former wife's motion for relief from a post-dissolution final judgment, which she contends erroneously requires her to make child support payments to her former husband. Because the trial court lacked authority to grant the former wife relief pursuant to this rule, we reverse and remand with directions to the trial court to deny the motion. A brief recitation of the factual history of this case is necessary to explain our decision.

## FACTUAL BACKGROUND

The parties' marriage was dissolved on December 23, 2002, by a judgment which incorporated a mediated settlement agreement. Under the agreement, John Theodorides was ordered to pay $444.33 monthly to support the parties' minor child. Mr. Theodorides faithfully performed this obligation for more than a decade. In 2012, anticipating a January 1, 2013, retirement date, a reduction of his income, and the child's entitlement to derivative social security benefits as a consequence of his retirement, Mr. Theodorides petitioned the trial court for modification of his obligation. The trial judge referred the petition to a hearing officer who, after receiving evidence, recommended the shoe now move to the other foot – that Mrs. Theodorides should henceforth pay $384 per month in child support to Mr. Theodorides, retroactive to the date of her former husband's retirement. On March 24, 2013, the trial court accepted the hearing officer's

2

recommendation and entered a new child support order.  Counsel acting on behalf of the Florida Department of Revenue,[1] who had been appointed to assist Mrs. Theodorides in navigating the shoals of the child support enforcement system in Miami-Dade County, neither objected to the findings of the hearing officer, moved for rehearing from the order confirming the recommendation, nor appealed from the order.  Instead, on April 10, 2013, counsel filed a motion for relief from the March 24, 2013, confirmation order pursuant to Florida Family Rule of Procedure 12.540.  The same trial judge who entered the order confirming the recommendation of the hearing officer, granted the motion and vacated the order requiring the former wife to pay child support to the former husband.

The issue before us is not whether the trial court was correct in vacating the order requiring Mrs. Theodorides to pay child support to her former husband.  Rather, the issue is whether Florida Rule of Family Procedure 12.540 is an available vehicle by which Mrs. Theodorides can achieve her desired result.  The issue is a matter of jurisdiction, and, in the courts of this state, jurisdiction matters.

---

[1] The Florida Department of Revenue is the agency that offers child support enforcement services throughout the State of Florida.  § 409.2557, Fla. Stat. (2013).  However, in two counties in the state – Miami-Dade County and Manatee County – the Department has entered into a partnership with the Office of the State Attorney in those counties to provide the service.  See http://dor.myflorida.com/dor/childsupport/about_us.html.  Mrs. Theodorides counsel in this case is an Assistant State Attorney.

## ANALYSIS

Florida Family Rule of Procedure 12.540 adopts Florida Rule of Civil Procedure 1.540 into the rules governing family proceedings in this state in haec verba. Rule 1.540(a) permits a trial court to correct "clerical mistakes" and errors "arising from oversight or omission" in a judgment, decree or other part of the record "at any time on its own initiative or on the motion of any party." The type of mistake subject to correction under this subsection "includes only mistakes from an accidental slip or omission." Author's Comment – 1967, Rule 1.540. The mistake in this case, if there was one, cannot be classified as "clerical" in nature or a simple oversight. When the confirmation order was entered by the trial judge, she had the hearing officer's recommendation before her. However, contrary to what the order states, the recommended order did not have the child support guidelines worksheet attached. If it did, the trial judge may have been alerted to a purported error. Instead, she accepted the narrative contained in the recommended order and confirmed the requirement that the former wife now pay child support to the former husband. The error committed by the trial judge – if any, as we emphasize – was not "clerical" in nature, but rather in the nature of sentient "legal error" or "judicial error" committed in the course of her assigned duties.

Nor is relief cognizable in this case under subsection 1.540(b). The express purpose of this subsection is to authorize a court to relieve "a party or a party's

4

legal representative" from a final judgment, decree or proceeding on five specific grounds, one of which is "mistake, inadvertence, surprise or excusable neglect." However, it does not exist to remedy "errors in the **substance** of what is decided by the order or judgment." Author's Comment – 1967, Rule 1.540 (emphasis added). "An order changing a child support award is a substantive change . . . ." Dep't of Revenue v. Annis, 159 So. 3d 263, 266 (Fla. 2d DCA 2015). This type of change cannot be accomplished under Rule 1.540(b). See Commonwealth Land Title Ins. Co. v. Freeman, 884 So. 2d 164, 167 (Fla. 2d DCA 2004) ("Mistakes which result from oversight, neglect or accident are subject to correction under rule 1.540(b)(1). However, judicial error such as a 'mistaken view of the law' is not one of the circumstances contemplated by the rule.") (quoting Curbelo v. Ullman, 571 So. 2d 443, 445 (Fla. 1990)); Moforis v. Moforis, 977 So. 2d 786, 787 (Fla. 4th DCA 2008) (determining trial court order which mistakenly adopted and ratified child visitation schedule not subject to relief under Rule 1.540(b)).

"Florida law is clear that once the time period for filing a written motion for rehearing . . . has expired, the trial court is without jurisdiction to vacate a final judgment unless it is based upon 'any of the narrow grounds for vacating a final judgment under [Rule] 1.540.'"). Aqua Life Corp. v. Reyes, 160 So. 3d 117, 118 (Fla. 3d DCA 2015) (quoting Herskowitz v. Herskowitz, 513 So. 2d 1318, 1319 (Fla. 2d DCA 1987)). This case does not present one of those grounds. Mrs.

Theodorides' path to relief was either by motion for rehearing or appeal of the March 24, 2013, order requiring her to pay child support to her former husband.

Finally, Mrs. Theodorides argues that this case presents an exceptional circumstance warranting a departure from this well-settled law. We disagree. Mrs. Theodorides seeks an exception that would swallow the rule. As our Supreme Court has said on more than one occasion, Rule 1.540 is "not intended to serve as a substitute for the new trial mechanism prescribed by Rule 1.540 nor as a substitute for review of judicial error." Curbelo, 571 So. 2d at 444. To this statement, we would add the rehearing mechanism also available under Rule 1.530 as well.

Reversed and remanded.