PER CURIAM.
Gilman Paper Company (Gilman) appeals, urging that the trial court erred in admitting into evidence the Department of Transportation’s (DOT) right-of-way map and in relying on this map as competent evidence of the location of a disputed corner monument. Although we find no error in the trial court’s admission of the map, we must conclude that it was not competent evidence of the location of the corner.
Gilman filed suit for declaratory judgment against appellees alleging their property was encroaching onto its land and requesting the court to determine the correct boundary between the lands of each party. The issue turned on the location of the common corner of Sections 11, 12, 13, 14, T4S, R23E, Clay County, Florida.
At the beginning of the trial, the parties stipulated that various surveys and maps would be admitted into evidence, including the DOT map. Since appellant stipulated to the admission of this document, any problems regarding hearsay and authenticity were cured. However, this stipulation did not affect the relevance of the map or its probative value.
In attempting to locate an unknown corner, whether it is existent [1], obliterated[2], or lost[3], it is necessary to fix its location as closely as possible to that established in the original government survey. See Akin v. Godwin, 49 So.2d 604 (Fla.1950). Parish v. Spence, 149 So.2d 58 (Fla. 1st DCA 1963), Barba Inv. Co. v. Walker, 350 So.2d 509 (Fla. 1st DCA 1977) and Lawson v. Murray, 365 So.2d 744 (Fla. 1st DCA 1978).
From the record, we cannot determine as a matter of law whether the corner was existent, obliterated or lost. However, that fact is not essential to our determination for, in any event, the corner must be located with reference to the original government survey of 1830. While the DOT map may be the best evidence of this corner and may be the closest to the original government survey, as found by the trial court, there is absolutely nothing in the record supporting this conclusion. The map was introduced by appellees and no testimony was offered indicating the purpose for which the map was prepared, whether it followed the original field notes or if it even purports to fix the location of the disputed corner. As in Barba, there is no competent evidence that appellees made any attempt to locate the corner by reliance on the original government field notes. A resurvey not based upon the original survey is inconclusive in determining boundaries and should yield to a resurvey based upon known monuments and boundaries of the original survey. 12 Am.Jur.2d, Boundaries, Section 62.
The declaratory judgment, in addition to determining the boundaries, also made a determination in respect to the right-of-way of certain platted roads in Clay County. No error is assigned to this part of the judgment and it being severable, that portion is affirmed. In all other respects, the judgment is reversed.
*889 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for a new trial on the determination of boundaries.
MILLS, C. J., WENTWORTH, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.

. “An existent corner is one whose position can be identified by verifying the evidence of the monument or its accessories, by reference to the description in the field notes, or located by an acceptable supplemental survey record, some physical evidence, or testimony.” United States Dept, of Interior, Bureau of Land Management, Manual of Instructions for the Survey of Public Lands of the United States (1973). ¶ 5-5, p. 130.

. “An obliterated corner is one at whose point there are no remaining traces of the monument or its accessories, but whose location has been perpetuated, or the point for which may be recovered beyond reasonable doubt by the acts and testimony of the interested land owners, competent surveyors, other qualified local authorities, or witnesses, or by some acceptable record evidence.” Id. ¶ 5-9, p. 130.

.“A lost corner is a point of a survey whose position cannot be determined, beyond reasonable doubt, either from traces of the original marks or from acceptable evidence or testimony that bears upon the original position, and whose location can be restored only by reference to one or more interdependent comers.” Id. ¶ 5-20, p.133.