PER CURIAM.
Appellant, Horticultural Enterprises (“Horticultural”), appeals the trial court’s order vacating an award of attorneys’ fees originally entered against the law firm of Holland & Knight pursuant to section 57.105, Florida Statutes (1989). Holland & Knight asserts three reasons why the fee awarded was properly vacated. First, Holland & Knight contends the court lacked jurisdiction to award 57.105 fees because the firm had been permitted to withdraw as counsel shortly before the fees hearing. We disagree. Section 57.105 requires the court to assess fees against the losing party and his attorney where the court finds there was an absence of any justiciable issue raised by the complaint. Holland & Knight’s withdrawal from representation of its client after final judgment and during the hiatus between the first, incomplete hearing on section 57.105 fees and the second hearing, did not deprive the lower court of jurisdiction to award fees against the law firm under the statute. The appellant was not obliged to make Holland & Knight a party due to the withdrawal. The case Holland & Knight relies on for this proposition, Lage v. Blanco, 521 So.2d 299 (Fla. 3d DCA1988), was different; in that case the attorneys were substituted for the unsuccessful plaintiffs because they had filed and prosecuted the lawsuit without the nominal plaintiffs’ knowledge or authorization.
Nor was there anything defective about the notice of the hearing regarding attorneys’ fees. The notice referenced in appellant’s motion specifically requested fees to be assessed against counsel under section 57.105. Nor could the notice have misled the law firm into concluding fees were no longer sought from them after they filed their “Notice of Withdrawal”. To the contrary, the notice of hearing dated August 3, 1992 separately identified the firm and the client and both were served with a copy. The hearing was scheduled to occur on September 29, 1992. On September 22, 1992, Holland & Knight filed a motion to withdraw and an order granting the motion was entered on September 25, 1992.
We do agree that it was within the lower court’s discretion, pursuant to 1.540(b) of the Florida Rules of Civil Procedure, to set aside the fees judgment on the basis of mistake, inadvertence or excusable neglect, if any of these were properly established. The problem is that appellee’s motion seeking relief under Rule 1.540(b) was not sworn as required. L.B.T. Corp. v. Camacho, 429 So.2d 88 (Fla. 5th DCA1983). Holland & Knight contends no sworn motion was necessary because the record already contained the hearing notices, which they claim misled them into believing they had no interest in the hearing. These documents without more are insufficient to establish a basis for Rule 1.540(b) relief, however. Also, Holland & Knight’s motion does not offer any meritorious “defense” to the fees claim. The law firm merely urged that section 57.105 fees places on the movant the burden of showing bad faith on the part of counsel in order for fees to be awarded against counsel, and ap-pellee failed to offer proof of bad faith at the fees hearing. The statute clearly makes “good faith” an avoidance of the presumptive assessment of fees against both attorney and client, however. Fees must be assessed against counsel as provided by statute unless the attorney can show good faith. This places the burden where it should be. Because Holland & Knight failed to establish a proper basis for Rule 1.540 relief, the lower *823 court abused its discretion in setting aside the fees award.
REVERSED and REMANDED.
HARRIS, C.J., and DAUKSCH and GRIFFIN, JJ., concur.