SHARP, W., J.
Victor and Linda Andzulis appeal from a final judgment granting them an award of attorney’s fees against Montgomery Road Acquisitions, Inc., but which did not include an assessment of one-half the fees against Richard Adams, Montgomery Road’s attorney, pursuant to section 57.105(1). In granting the fee award against Montgomery Road, the trial court declared in its order:
At the time of filing of the Complaint, there was a complete absence of a justi-ciable issue of either law or fact raised by any of the counts of the complaint against the Defendants and Plaintiffs Complaint was totally devoid of merit.
However, in denying assessment of fees against Adams, the court said at the hearing:
Well, at this time there is no showing that he didn’t have a good faith. I am going to award it strictly against the plaintiffs in this particular case.
We reverse and remand.
The record shows that Montgomery Road filed a three-count complaint in Orange County against the Andzulises on February 5, 1998. It asserted abuse of process, defamation and tortious interference. The Andzulises filed a motion to dismiss for improper venue (the suit had no connection with Orange County and should have been filed in Seminole County), a motion to dismiss for failure to state a cause of action, and eventually a motion to dismiss for lack of prosecution. Montgomery Road filed a notice of voluntary dismissal on the day of the hearing to consider dismissal for lack of prosecution.
The Andzulises then filed a motion for an award of attorney’s fees against Montgomery Road and Montgomery Road’s attorney. It appears that no one appeared to represent Montgomery Road or Adams at the hearing, although there is no transcript in the record of that hearing. The court granted the motion and awarded attorney’s fees against both.
The court later set aside that order as a result of Adams’ motion based on excusable neglect and inadvertence.[1] A later hearing was held on the Andzulises’ renewed motion for attorney’s fees against both Montgomery Roads and Adams, pursuant to section 57.105(1). The attorney representing the Andzulises and a different attorney(representing both Montgomery Roads and Adams), appeared and made legal arguments. He focused solely on whether this had been a frivolous lawsuit and made no argument about whether Adams acted in good faith, based on representations of the client as to the existence of material facts. Linda Andzulis also appeared and presented testimony, which was not disputed. There was no express testimony concerning whether Adams had acted in bad faith.
Section 57.105, Florida Statutes (1997)[2] provides:
Attorney’s fee—
(1) The court shall award a reasonable attorney’s fee to be paid to the prevailing party in equal amounts by the *239 losing party and the losing party’s attorney in any civil action in which the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the complaint or defense of the losing party; provided, however, that the losing party’s attorney is not personally responsible if he or she has acted in good faith, based on the representations of his or her client. If the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the defense, the court shall also award prejudgment interest.
In Horticultural Enterprises v. Plantas Decorativas, LTDA, 623 So.2d 821 (Fla. 5th DCA 1993), this court addressed the issue of how a “good faith” defense raised by an attorney who brought a frivolous lawsuit, should be handled in a proceeding which sought to assess attorney’s fees against a lawyer as well as the client. In that case, the lawyers seeking to defend against an assessment of fees under section 57.105(1) argued that the movant had the burden of showing bad faith on the part of counsel in order for fees to be properly awarded against counsel. As in this case, where the movant failed to offer proof of bad faith at the fees hearing, we said:
The statute clearly makes “good faith” an avoidance of the presumptive assessment of fees against both attorney and client, however. Fees must be assessed against counsel as provided by statute unless the attorney can show good faith. This places the burden where it should be. (emphasis added)
623 So.2d at 822. See also Bisson v. Arellano, 27 Fla. L. Weekly D1934 (Fla. 3d DCA Aug.28, 2002).
The trial judge in this case misapplied the burden of coming forward with evidence concerning whether Adams acted in good faith. Adams or his attorney had that burden at the fee hearing and failed to address or carry it. The burden was not on the moving parties, the Andzulises, to show bad faith or the absence of good faith. Indeed, that would be almost an impossible burden for a movant to carry. How can a party know what the other party told or did not tell its counsel and how could it obtain that information without breaching the rather impermeable wall of attorney-client privilege? Accordingly, we reverse that portion of the judgment which tacitly denied assessment of attorney’s fees against Adams and direct that they be equally assessed against Adams and Montgomery Road.
REVERSED in part; REMANDED.
HARRIS and ORFINGER, R.B., JJ„ concur.

. For various reasons he did not receive notice of the hearing.

. The parties agree that section 57.105, Florida Statutes (1997) is applicable. However, in this case the result would be the same under the newer version of this statute. § 57.105, Fla. Stat. (1999).