PER CURIAM.
The law firm of Airan2, Airan-Pace & Crosa, P.A, and two of its lawyers, Mr. Damodar Sarup Airan and Ms. Lalita Da-modar Airan, appeal an order requiring them to pay half of the attorney’s fees incurred by appellee Cadence Bank, N.A. (Cadence), as a sanction pursuant to section 57.105, Florida Statutes (2009). The trial court entered the order based on the filing of a third-party complaint that the trial court concluded was frivolous. We affirm the order in all respects except for the judgment against Mr. Airan.
The law firm was counsel of record for four defendants — Mrs. Surinder Joshi; her son, Dr. Ashok Joshi; and two of their business entities (collectively, the Joshis)— who were involved in buying and operating *507 a truck stop in Hillsborough County. The truck stop was facing foreclosure proceedings that Cadence’s predecessor (the Bank) initiated in November 2007.[1] The foreclosure suit became complicated and protracted when the Airan law firm filed counterclaims on behalf of the Joshis against the Bank in February 2008, as well as a third-party complaint in May 2008 naming the tenant in the truck stop. The Joshis alleged that the third-party defendant and the Bank had colluded and forced the property into foreclosure. Without need for additional discussion, we agree with the trial court that the third-party complaint was frivolous and warranted a sanction under section 57.105. The question becomes against whom should the sanction be ordered.
In the early stages of this foreclosure case, Mr. Airan filed a notice of appearance as co-counsel. He signed an initial third-party complaint, but he did not sign the amended third-party complaint on which the case was tried. That pleading was signed by Ms. Airan and a Mr. Hitesh Gupta, another lawyer employed by the Airan law firm. When the Bank filed a motion for attorney’s fees nearly a year after Mr. Airan’s notice of appearance, it did not identify Mr. Airan as an attorney against whom fees were sought individually. Despite his notice of appearance, the Bank’s certificate of service shows service on Ms. Airan and Mr. Gupta, but not on Mr. Airan.
From this record, it does not appear that the Bank requested a judgment against Mr. Airan. Moreover, the record does not establish that his limited .role in this lawsuit would warrant this sanction even if the Bank had requested it. Accordingly, the trial court erred in holding Mr. Airan jointly and severally responsible for half of the section 57.105 fee sanction imposed. We therefore reverse and vacate that part of the final judgment directed at Mr. Airan.
Affirmed in part, reversed in part, and remanded for correction of the final judgment in accordance with this opinion.
ALTENBERND, CASANUEVA, and LaROSE, JJ., Concur.

. Mrs. Joshi and Dr. Joshi were named individually as defendants in the foreclosure suit by virtue of their status as loan guarantors.