IN THE SECOND DISTRICT COURT OF APPEAL, LAKELAND, FLORIDA

July 15, 2016

BANK OF AMERICA, N.A.,                          )
                                                )
          Appellant,                            )
                                                )
v.                                              )          Case No. 2D14-858
                                                )                    2D14-4436
KIPPS COLONY II CONDOMINIUM                     )
ASSOCIATION, INC., a Florida corporation        )          CONSOLIDATED
not for profit; CHARLES C. KNIGHTON;            )
and MEGAN A. KNIGHTON,                          )
                                                )
          Appellees.                            )
_____ )


BY ORDER OF THE COURT:

          On its own motion, this court's opinion dated December 9, 2015, is

withdrawn, and the attached opinion is issued in its place.  A footnote has been added,

and changes have been made to section II.B.  No further motions for rehearing will be

entertained in this appeal.



I HEREBY CERTIFY THE FOREGOING IS A

TRUE COPY OF THE ORIGINAL COURT ORDER.



MARY ELIZABETH KUENZEL, CLERK

BANK OF AMERICA, N.A., )
)
          Appellant, )
)
v. )      Case No. 2D14-858
)                 2D14-4436
KIPPS COLONY II CONDOMINIUM )
ASSOCIATION, INC., a Florida corporation )   CONSOLIDATED
not for profit; CHARLES C. KNIGHTON; )
and MEGAN A KNIGHTON, )
)
          Appellees. )
_____)

Opinion filed July 15, 2016.

Appeals pursuant to Fla. R. App. 9.130
from the Circuit Court for Pinellas County;
Pamela A.M. Campbell, Judge.

Adam M. Topel, J. Randolph Liebler, and
Tricia J. Duthiers of Liebler, Gonzalez &
Portuondo, Miami, for Appellant.

Shawn G. Brown of Redding & Brown,
PLLC, Tampa; and Lang & Raffa P.A., St.
Petersburg, for Appellee Kipps Colony II
Condominium Association, Inc.

No appearance for remaining Appellees.

BLACK, Judge.

          In these consolidated appeals, Bank of America, N.A., challenges the trial

court's rulings on two motions for relief from judgment.  Bank of America raises multiple

claims of error in the appeal from the denial of its Florida Rule of Civil Procedure

1.540(b) motion. Because we find merit in one of those arguments, requiring reversal of the order denying relief from judgment, we do not address the remaining claims. As to Bank of America's appeal from the denial of the rule 1.540(a) motion, we affirm without comment.

I.    Background

Kipps Colony II Condominium Association filed a lien foreclosure action against Charles and Megan Knighton for failure to pay their condominium assessments. The Association's complaint named Bank of America as a defendant. The complaint alleged that Megan Knighton "may claim an interest in the Unit by virtue of that certain Mortgage on the Unit, recorded in O.R. Book 13524, Page 595, and that certain Mortgage on the Unit, recorded in O.R. Book 14385, Page 1957." The complaint also alleged that Bank of America "may claim an interest in the Unit by virtue of its mortgage recorded in O.R. Book 14385, Page 1957, which interest, if any, is inferior and subordinate to" the Association's lien. The complaint did not otherwise identify the mortgages on the condominium or expressly state that Bank of America held both the first and second mortgages on the property, only the second of which was inferior to the Association's lien. It did, however, allege that the Association was not required to give Charles Knighton notice of its intention to foreclose the lien because an action to foreclose a mortgage on the condominium was pending before the trial court. The Association requested that "the Defendants and all other persons who have any lien junior to the lien of [the Association] be barred and forever foreclosed of all right, title, interest, equity or redemption or lien in or to or against the [condominium unit]."

A default was entered against Bank of America. The Association then moved for summary judgment, and a final summary judgment of foreclosure was rendered December 19, 2011. Paragraph five of the uniform final judgment states:

> The lien of [the Association] is superior in dignity to <u>any</u> right, title, interest or claim of the defendants through or under the defendants and all persons, corporations, or other entities claiming by, through or under the defendants or any of them and the property will be sold <u>free and clear of all claims of the defendant</u> with the exception of any assessments that are superior pursuant to sections 718.116 or 20.3085, Florida Statutes.

(Emphasis added.)

The property was sold on January 28, 2013, more than a year after entry of the final judgment. The parties have not provided an explanation for the delay from March 2012 to January 2013. Inland Assets, LLC, purchased the property at the foreclosure sale.[1] A certificate of title was issued in February 2013, and Inland Assets immediately filed a quiet title action against Bank of America and the Knightons. Bank of America again failed to appear,[2] and Inland Assets obtained a quiet title judgment on March 18, 2013. That judgment provides, in pertinent part:

> [Inland Assets] is the rightful and lawful owner of the Property, <u>free and clear of any liens or encumbrances by [Bank of America]</u> (or any persons claiming by, through, or under [Bank of America]) and to the exclusion of any claims, liens, or mortgages of [Bank of America], including but not limited to the mortgages recorded in the Official Records of Pinellas County, Florida at OR Book 13524, Page 595.

---

[1]Inland Assets is not a proper party to this appeal; it was not a party in the proceedings below. <u>See</u> Fla. R. App. P. 9.020(g)(2) (defining "appellee").

[2]Bank of America filed motions in both the foreclosure lawsuit and the quiet title action seeking to quash service of process and arguing that the judgments were void for lack of service on the correct Bank of America entity.

(Emphasis added.)

Notably, although the complaint to quiet title does not specify the mortgages that may be at issue or give the O.R. Book and page number of any mortgage, the judgment specifically includes the O.R. book and page number of the first mortgage held by Bank of America. The appendices provided to this court do not include a copy of the motion for final judgment in the quiet title action. Thus, it appears that Inland Assets knew it had received a windfall via the language of the final judgment of foreclosure.

On the same date that the court issued the quiet title judgment, Bank of America filed a motion to quash service of process and vacate the clerk's default. Later, Bank of America filed a rule 1.540(b) motion to set aside the quiet title judgment alleging that the quiet title judgment was void for lack of service. Both motions were denied without prejudice.

On August 21, 2013, Bank of America filed a motion to quash service of process and to vacate default and set aside the summary final judgment of foreclosure in the foreclosure action. Citing rule 1.540(b)(4), the motion alleged both that the final judgment is void for lack of service and that it is void and erroneous as a matter of law insofar as paragraph five purported to foreclose the first mortgage.

The trial court held a hearing on the motion and orally denied it, finding no issue with service of process. When asked about the ruling as to the paragraph five issue, the court stated the motion was denied on the same grounds. The trial court's written order is boilerplate and provides no findings or conclusions. Bank of America appealed that order, commencing case number 2D14-858.

- 4 -

During the pendency of the appeal and before it was perfected, the Association, as an appellee in the case, asked this court to relinquish jurisdiction to allow the trial court to rule on the Association's motion to amend the final judgment pursuant to rule 1.540(a), which alleged that the foreclosure judgment contained a clerical error. This court relinquished jurisdiction. Bank of America joined in the Association's rule 1.540(a) motion. At the hearing on that motion, the Association argued that the final judgment failed to delineate which of Bank of America's mortgages the Association's lien was foreclosing and that this was a clerical error or misnomer, correctable via a rule 1.540(a) motion. The trial court denied the motion, finding that the complaint "only alleged the one Bank of America O.R. book and page of the mortgage," and "that there was no additional mortgage noted in the initial complaint." Therefore, the court ruled that it would be a substantive issue to amend the final judgment and not a clerical change. The court also found that "to the extent [the Association] complains that the Final Judgment improperly purports to eliminate a first mortgage of Bank of America, the [c]ourt is persuaded that said issue has already been litigated adverse to Bank of America in [the quiet title action]." However, the only issue before the court in the quiet title action was whether service on Bank of America was proper. Bank of America appealed the court's denial of the rule 1.540(a) motion, commencing case number 2D14-4436.[3]

II.    Discussion

---

[3]The Association also appealed the court's denial of the rule 1.540(a) motion, which is being resolved separately. Kipps Colony II Condo. Ass'n v. Knighton, No. 2D14-4110.

An order denying relief under rule 1.540(b) is generally reviewed for an abuse of discretion. Leach v. Salehpour, 19 So. 3d 342, 344 (Fla. 2d DCA 2009). But "[a] decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment." Wiggins v. Tigrent, Inc., 147 So. 3d 76, 81 (Fla. 2d DCA 2014). Here, the trial court abused its discretion in denying Bank of America's motion as to the judgment foreclosing its first mortgage on the "same grounds" that it denied the motion based on lack of service of process. Reversal is warranted on that basis alone. However, because the court later denied the rule 1.540(a) motion based, in part, on its finding that the issue of whether the judgment was void had been resolved against Bank of America in the quiet title action, we address the merits of Bank of America's claim that the foreclosure judgment is void.

A.     Priority of interests

The priority of interests in real estate under Florida law is generally determined by the operation of three statutes. Section 28.222(2), Florida Statutes (2004), requires the clerk of the circuit court to record instruments in the official records and to "keep a register in which he or she shall enter at the time of filing the filing number of each instrument filed for record, the date and hour of filing, the kind of instrument, and the names of the parties to the instrument." Section 695.11, Florida Statutes (2004), provides that "[t]he sequence of [official register numbers required under section 28.222] shall determine the priority of recordation" so that "[a]n instrument bearing the lower number in the then-current series of numbers shall have priority over any instrument bearing a higher number in the same series." The legal significance of priority of recordation comes into play in the context of the rule established in section 695.01(1), Florida Statutes (2004), which provides as follows: "No conveyance, transfer, or mortgage of real property, or of any interest therein . . . shall be good and effectual in law or equity against creditors or subsequent

> purchasers for a valuable consideration and without notice,
> unless the same be recorded according to law."

City of Palm Bay v. Wells Fargo Bank, N.A., 114 So. 3d 924, 927 (Fla. 2013).  Thus,

"Florida is . . . a 'notice' jurisdiction, and notice controls the issue of priority."  Argent

Mortg. Co., LLC v. Wachovia Bank N.A., 52 So. 3d 796, 799 (Fla. 5th DCA 2010).  And

under a notice recording statute, "the subsequent mortgagee cannot be without

constructive notice if the prior mortgage has been recorded as of the time of execution

of the subsequent mortgage."  Id.

"The [l]egislature has, however, provided separately for the priority of

certain liens over the priority established under chapter 695."  City of Palm Bay, 114 So.

3d at 928.  For example, section 718.116(5)(a), Florida Statutes (2011), provides:

> The association has a lien on each condominium parcel to
> secure the payment of assessments.  Except as otherwise
> provided in subsection (1) and as set forth below, the lien is
> effective from and shall relate back to the recording of the
> original declaration of condominium, or, in the case of lien on
> a parcel located in a phase condominium, the last to occur of
> the recording of the original declaration or amendment
> thereto creating the parcel.  However, as to first mortgages
> of record, the [condominium association's] lien is effective
> from and after recording of a claim of lien in the public
> records of the county in which the condominium parcel is
> located.

(Emphasis added.)

Here, Bank of America's first mortgage was recorded at O.R. Book 13524,

Page 595, on April 23, 2004.  The Association's claim of lien was recorded in O.R. Book

17154, Page 711, on February 8, 2011.  The Association's lien was inferior to the first

mortgage held by Bank of America.

B.      Foreclosure

- 7 -

A foreclosure extinguishes the liens of any junior mortgagees, Abdoney v. York, 903 So. 2d 981, 983 (Fla. 2d DCA 2005), but it "does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed," U.S. Bank Nat'l Ass'n v. Bevans, 138 So. 3d 1185, 1187 (Fla. 3d DCA 2014) (quoting Garcia v. Stewart, 906 So. 2d 1117, 1120 (Fla. 4th DCA 2005)). "A prior mortgagee may elect for himself the time and manner of enforcing his security. He cannot be compelled to be a party to a suit by a junior encumbrancer foreclosing his lien." Citimortgage, Inc. v. Henry, 24 So. 3d 641, 643 (Fla. 2d DCA 2009) (quoting Cone Bros. Constr. Co. v. Moore, 193 So. 288, 290 (Fla. 1940)); accord Futrell Custom Pools, Inc. v. Sunshine Custom Builders, Inc., 112 So. 3d 653, 653 (Fla. 5th DCA 2013) (concluding that Cone Brothers is still good law and affirming the trial court's orders vacating in part the final judgment of foreclosure).

It is on that basis that Bank of America argued that the Association's action could not foreclose Bank of America's first mortgage and that the final judgment purporting to do so is void.

> A void judgment is so defective that it is deemed never to have had legal force and effect. In contrast, a voidable judgment is a judgment that has been entered based upon some error in procedure that allows a party to have the judgment vacated, but the judgment has legal force and effect unless and until it is vacated.

Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007) (emphasis added).

Because Bank of America's first mortgage is superior to the Association's lien as a result of prior recordation of the mortgage, the final judgment of foreclosure is "ineffectual" as to Bank of America's first mortgage insofar as it states that the

Association's lien "is superior in dignity to any right, title, interest or claim" of Bank of America and that "the property will be sold free and clear of all claims of the defendants." See Citimortgage, 24 So. 3d at 643. Because paragraph five of the judgment purports to foreclose Bank of America's first mortgage by stating that the Association's lien is superior to all rights of the defendants, including Bank of America's rights as the first mortgage holder, and that the property will be sold free and clear of all claims of the defendants, the judgment is void.[4] The court lacked jurisdiction to foreclose Bank of America's first mortgage; the final judgment is legally ineffective and a nullity, creating no binding obligation. See generally Sterling Factors, 968 So. 2d at 665 (stating that "[a] void judgment is so defective that it is deemed never to have had legal force and effect" and that a trial court's lack of jurisdiction, subject matter or personal, renders a judgment void).

We recognize that our reversal of the order denying the motion for relief from judgment will directly impact Inland Asset's interest in the property. In that regard, we note that Bank of America, as a superior lien holder, was not required to litigate its interest in the Association's foreclosure action. See Wells Fargo Bank, N.A. v. Rutledge, 148 So. 3d 533, 534 (Fla. 2d DCA 2014); Bevans, 138 So. 3d at 1187 ("The

_____

[4]There is some argument regarding whether it is only paragraph 5 that is void; however, because paragraph 5 cannot be severed from the judgment such that the judgment is effectual, it is the entire judgment that is void. Cf. Gilman Paper Co. v. Newman, 398 So. 2d 887, 888 (Fla. 1st DCA 1981) ("No error is assigned to this part of the judgment and it being severable, that portion is affirmed."); State Rd. Dep't v. Hartsfield, 216 So. 2d 61, 65 (Fla. 1st DCA 1968) ("The law is equally well settled that where a judgment in favor of a party consists of two or more separate, distinct, and unrelated parts, the disposition of any one of which will not affect the decision as to any other, the successful party may appeal from one or more of the severable portions of the judgment even though he accepts the benefits of the other portions thereof.").

Association . . . could not name a superior lienholder like the Bank as a defendant in the Association's suit to foreclose on its junior lien.").  In this instance, because the Association was already a party to Bank of America's foreclosure action—and therefore did not need to otherwise intervene in the action—the Association should have recorded its statutory claim of lien and filed a cross-claim.[5]

Moreover, the quiet title judgment did not resolve this issue.  Rule 1.540(b)(5) provides that the court may relieve a party from a final judgment where "a prior judgment or decree upon which [the challenged judgment] is based has been reversed or otherwise vacated."  The rule also "does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court."

III.    Conclusion

The trial court abused its discretion in denying Bank of America's motion for relief from judgment.  The final judgment of foreclosure entered in favor of the Association is void because it purported to foreclose Bank of America's superior interest in the property and ordered the sale of the property free and clear of all claims by Bank of America.  On remand, the trial court is directed to grant Bank of America's motion for relief from judgment pursuant to rule 1.540(b) and to vacate the final judgment of foreclosure.

Reversed and remanded with instructions.

---

[5]The Association may enforce its interests in the unpaid assessments through foreclosure of its claim of lien.  § 718.116(6)(a).

CASANUEVA and SALARIO, JJ., Concur.