PER CURIAM.
Bank of New York Mellon (“Bank”), appeals an order denying its motion to vacate a final judgment of foreclosure entered following a default. We have jurisdiction and reverse. Fla. R. App. P. 9.130(a)(5).
The final judgment of foreclosure entered in favor of Atlantic Ocean Club Condominium Apartments, Inc. (“Atlantic”), against the Bank’s predecessor in interest, is void because it could not effectively terminate the Bank’s superior mortgage interest in the property. Cone Bros. Constr. Co. v. Moore, 141 Fla. 420, 193 So. 288, 290 (1940); Bank of America, N.A. v. Kipps Colony II Condo. Ass’n, Inc., 201 So.3d 670, 676, 41 Fla. L. Weekly D1657, D1659, 2016 WL 3766582 (Fla. 2d DCA July 15, 2016); U.S. Bank Nat'l Ass’n v. Bevans, 138 So.3d 1185, 1187 (Fla. 3d DCA 2014); Citimortgage, Inc. v. Henry, 24 So.3d 641, 643 (Fla. 2d DCA 2009). See also § 718.116(5)(a), Fla. Stat. (2006).
In 2009, Atlantic, a condominium association, brought an action to foreclose a 2008 claim of lien for condominium assessments. The Complaint named the Bank’s predecessor, Mortgage Electronic Registration Systems (MERS), as a party to the action based on a mortgage it recorded in October 2006. Atlantic’s complaint alleged generally that MERS’s prior-recorded interest in the property was “subordinate and inferior and subject to” Atlantic’s lien rights.
MERS defaulted in September 2009, and in October 2009, assigned its mortgage to the Bank. The Bank recorded its assignment in early 2010.
The trial court entered a final judgment of foreclosure for Atlantic against all defendants including MERS in April 2010. Three months later, the property was sold and a certificate of title was issued to the third party purchaser. In the interim, the Bank filed a separate foreclosure action naming Atlantic as a lienholder.[1] The third party purchaser filed a counterclaim to quiet title. Those actions are pending and are not the subject of this appeal.
Relevant to this case, the Bank moved to vacate the April 2010, final judgment of foreclosure. The Bank directed the trial *699 court to section 718.116(5)(a), Florida Statutes, which establishes the priority of first mortgages of record over the association’s lien as follows:
The association has a lien on each condominium parcel to secure the payment of assessments. Except as otherwise provided in subsection (1) and as set forth below, the lien is effective from and shall relate back to the recording of the original declaration of condominium, or, in the case of lien on a parcel located in a phase condominium, the last to occur of the recording of the original declaration or amendment thereto creating the parcel. However, as to first mortgages of record, the lien is effective from and after recording of a claim of lien in the public records of the county in which the condominium parcel is located. Nothing in this subsection shall be construed to bestow upon any lien, mortgage, or certified judgment of record on April 1, 1992, including the lien for unpaid assessments created herein, a priority which, by law, the lien, mortgage, or judgment did not have before that date.
§ 718.116, Fla. Stat. (2006).
The Bank also directed the trial court to a line of cases establishing that persons holding mortgages or liens prior to the lien under foreclosure are neither necessary nor proper parties to that foreclosure action and cannot be compelled to be a party by a junior encumbrancer foreclosing its lien. Cone Bros., 193 So. at 290-91; Kipps Colony, 201 So.3d at 675, 41 Fla. L. Weekly at D1659.
In Kipps Colony, as in this case, a default judgment was entered against a bank that held the first mortgage, the property was sold, and the bank moved to set aside the default judgment in favor of the condominium association, claiming that it was void insofar as it purported to foreclose the first mortgage. 201 So.3d at 673, 41 Fla. L. Weekly at D1658. The trial court denied the motion. Id. The Second District reversed. Id. at 676, at D1659. We agree with Kipps Colony’s reasoning and similarly reverse.
As we have recognized, “ “when the underlying judgment is void, the trial court has no discretion and is obligated to vacate the judgment.’” Cornelius v. Holzman, 193 So.3d 1029, 1029-31 (Fla. 4th DCA 2016) (quoting Segalis v. Roof Depot USA, LLC, 178 So.3d 83, 85 (Fla. 4th DCA 2015)).[2] Based on the foregoing, we reverse and remand, and direct the trial court to vacate the final judgment of foreclosure.

Reversed and remanded.

DAMOORGIAN, LEVINE and KLIN-GENSMITH, JJ., concur.

. The trial court initially entered a final judgment of foreclosure, but vacated it after the third party purchaser intervened in that action.

. We decline to consider the third party purchaser's remaining arguments, several of which are presented in the pending foreclosure and quiet title actions.