DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WELLS FARGO BANK, N.A.,**
Appellant,

v.

**CHI PENG TAN, BANK OF AMERICA, N.A.,** as assignee of
**FIRST MAGNUS FINANCIAL CORPORATION, MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS, INC.,** Acting solely
as Nominee for **FIRST MAGNUS FINANCIAL CORPORATION,** an
Arizona Corporation**, SCHINDLER ELEVATOR CORPORATION,
SOUTHERN CONSTRUCTION SERVICES, INC.,
PRECISION U.S.A., INC., PARK TOWER ASSOCIATION, INC.,
NISSIM SHANI** and **MICHELE SHANI,**
Appellees.

No. 4D20-613

[May 5, 2021]

Appeal of nonfinal order from the Circuit Court for the Seventeenth
Judicial Circuit, Broward County; Dennis D. Bailey, Judge; L.T. Case No.
CACE-08-035667 (11).

Benjamin B. Carter and Jeffrey S. Lapin of Lapin & Leichtling, LLP,
Coral Gables, for appellant.

Lynette Ebeoglu McGuinness and Cary A. Lubetsky of Krinzman Huss
Lubetsky Feldman & Hotte, Fort Lauderdale, for appellees Nissim Shani
and Michele Shani.

Elizabeth A. Henriques and Tricia J. Duthiers of Liebler Gonzalez &
Portuondo, Miami, for appellee Bank of America, N.A.

KUNTZ, J.

Wells Fargo Bank, N.A. appeals a nonfinal order denying its Florida
Rule of Civil Procedure 1.540(b) motion to vacate the final judgment and
dismiss the complaint. The circuit court found the final judgment was
void as to Wells Fargo; that its motion to vacate was not filed within a
reasonable time; and, alternatively, that section 702.036, Florida Statutes
(2019), precluded the relief sought in the motion. We agree the judgment

was void but hold that the court erred when it found Wells Fargo's delay in challenging the judgment was unreasonable. Even so, we affirm because we agree with the circuit court that section 702.036 barred the court from granting relief that adversely impacted the title to the property.

*Background*

A non-party purchased the real property at issue and executed a mortgage in favor of Bear Stearns Residential Mortgage Corporation. Bear Stearns assigned the mortgage to Wells Fargo. The non-party later sold the property to Chi Peng Tan, who executed a mortgage in favor of First Magnus Financial Corporation. The record shows that Wells Fargo recorded its mortgage before First Magnus recorded its mortgage.

First Magnus filed a foreclosure complaint against multiple defendants, including Tan and Wells Fargo. It also filed a notice of lis pendens. In the complaint, First Magnus alleged Wells Fargo "may claim some right, title, or interest in the subject property by virtue of certain liens encumbering the subject property, all of which are inferior to [First Magnus's] mortgage." The complaint was served on Wells Fargo, but Wells Fargo did not respond.

The circuit court held a non-jury trial in First Magnus's foreclosure case. It entered a foreclosure judgment that foreclosed all interests, including the interest held by Wells Fargo. First Magnus purchased the property at a foreclosure sale and received title to it.

After it obtained title at the foreclosure sale, First Magnus deeded the property to a successor in interest. That successor in interest sold the property to Nissim and Michele Shani.

More than five years after Mr. and Mrs. Shani bought the property, Wells Fargo moved to vacate First Magnus's final judgment. Wells Fargo alleged its interest in the property was superior to First Magnus's interest because it recorded its mortgage first. As the senior lienholder, Wells Fargo argued the judgment for First Magnus was void as against it.

The circuit court held a hearing on Wells Fargo's motion and found that the final judgment was void. Despite that conclusion, the court held that Wells Fargo failed to act within a reasonable time as required by the Florida Rules of Civil Procedure. Finally, and alternatively, the court held that section 702.036, Florida Statutes (2019), precluded the relief Wells Fargo sought because it would adversely affect the quality or character of the Shanis' ownership and title to the property.

*Analysis*

We separately address the circuit court's conclusions. First, we address the circuit court's conclusion that the judgment was void but that Wells Fargo failed to seek relief in a reasonable amount of time. Second, we address the circuit court's alternative conclusion that section 702.036 precludes the relief Wells Fargo sought.

*i. The Judgment Was Void*

We agree with the circuit court that the final judgment was void. Wells Fargo's recorded the mortgage on the property before First Magnus recorded its mortgage. Therefore, Wells Fargo held an interest in the property senior to First Magnus's interest. § 695.01(1), Fla. Stat. (2019); *Argent Mortg. Co., LLC v. Wachovia Bank, N.A.*, 52 So. 3d 796, 801 (Fla. 5th DCA 2010) ("Florida is, and remains, a 'notice' jurisdiction, and notice controls the issue of priority."). However, a junior lienholder has a right to enforce its lien through foreclosure. *See Bank of Am., N.A. v. Kipps Colony II Condo. Ass'n, Inc.*, 201 So. 3d 670, 675 (Fla. 2d DCA 2016). But the junior lienholder cannot require the senior lienholder to be a party to its foreclosure suit. *Id.* As in *Kipps Colony*, the judgment here purported to foreclose the interest of the senior lienholder. That it could not do. Because the judgment for First Magnus sought to foreclose the interest of the senior lienholder, it is void. *Id.* at 676 ("[T]he judgment is void" and "the final judgment is legally ineffective and a nullity, creating no binding obligation."); *see also Cone Bros. Constr. Co. v. Moore*, 193 So. 288 (Fla. 1940).

The circuit court correctly concluded that the judgment is void. Yet it then considered whether Wells Fargo sought to vacate the judgment in a reasonable time. It erred in doing so as "the passage of time cannot make valid that which has been void from the beginning." *M.L. Builders, Inc. v. Reserve Devs., LLP*, 769 So. 2d 1079, 1082 (Fla. 4th DCA 2000) (quoting *Ramagli Realty Co. v. Craver*, 121 So. 2d 648, 654 (Fla. 1960), *disapproved on other grounds by Shell v. State Road Dep't of Fla.*, 135 So. 2d 857 (Fla. 1961)). When a judgment is void, there is "almost no time limit" to move to vacate. *Citibank, N.A. v. Villanueva*, 174 So. 3d 612, 614 (Fla. 4th DCA 2015) (citation omitted); *see also Kathleen G. Kozinski, P.A. v. Phillips*, 126 So. 3d 1264, 1268 (Fla. 4th DCA 2013) (a party may "move to vacate [a void judgment] at any time").

The circuit court correctly found the judgment void but erred when it found Wells Fargo unreasonably delayed seeking to vacate the void judgment.

3

## ii. Section 702.036, Florida Statutes, Applies

The circuit court relied on section 702.036, Florida Statutes (2019), as an alternative basis to deny Wells Fargo's motion. That statute provides limited protection to the purchaser of a foreclosed property when a party later challenges a foreclosure judgment. The relevant portion of the statute includes various conditions, and states:

> (1)(a) In any action or proceeding in which a party seeks to set aside, invalidate, or challenge the validity of a final judgment of foreclosure of a mortgage or to establish or reestablish a lien or encumbrance on the property in abrogation of the final judgment of foreclosure of a mortgage, the court shall treat such request solely as a claim for monetary damages and may not grant relief that adversely affects the quality or character of the title to the property, if:
>
> 1. The party seeking relief from the final judgment of foreclosure of the mortgage was properly served in the foreclosure lawsuit as provided in chapter 48 or chapter 49.
>
> 2. The final judgment of foreclosure of the mortgage was entered as to the property.
>
> 3. All applicable appeals periods have run as to the final judgment of foreclosure of the mortgage with no appeals having been taken or any appeals having been finally resolved.
>
> 4. The property has been acquired for value, by a person not affiliated with the foreclosing lender or the foreclosed owner, at a time in which no lis pendens regarding the suit to set aside, invalidate, or challenge the foreclosure appears in the official records of the county where the property was located.

§ 702.036(1)(a), Fla. Stat. (2019).

First, Wells Fargo was served with process in the First Magnus foreclosure suit, so section 702.036(1)(a)(1) is satisfied. Second, section 702.036(1)(a)(2) is satisfied because the court entered a final judgment of foreclosure as to the property. Third, section 702.036(1)(a)(3) is satisfied as all appellate periods for the First Magnus judgment have run.

The dispute here relates to section 702.036(1)(a)(4) and whether the statute can ever apply to a void judgment. Wells Fargo argues the circuit

4

court erred when it applied the statute because the statute is inapplicable when the relief sought would not adversely affect the quality or character of the Shanis' title to, and ownership of, the property. It also argues the statute cannot protect a void judgment.

Not surprisingly, the Shanis, who purchased the property after the foreclosure sale, respond that the final judgment adversely affects its quality or character of title to the property because they bought it relying on the final judgment, which extinguished Wells Fargo's mortgage. The Shanis also explain they have since renovated, improved, and maintained the property. Tan, who owned the property at the time of the foreclosure, argues section 702.036 does not except void judgments and Wells Fargo's lis pendens did not destroy the applicability of the statute.

First, we agree with the Shanis that an order vacating the final judgment would adversely impact the quality and character of their title to the property. The Shanis purchased the property for $385,100 and have been living there since 2013. They purchased the property for value and, based on the record, are not affiliated with any other party to this dispute. If the judgment were vacated, so too would their title to the property. Vacating the judgment would adversely impact the Shanis' title.

But Wells Fargo argues section 702.036(1)(a)(4) precludes application of the statute when a lis pendens is filed. That subsection states that section 702.036(1)(a) only applies "at a time in which no lis pendens regarding the suit to set aside, invalidate, or challenge the foreclosure appears in the official records of the county where the property was located." *Id.*

It is true that Wells Fargo filed a separate foreclosure suit before First Magnus filed its foreclosure suit. And Wells Fargo recorded a lis pendens relating to that separate suit.[1] But the statute is clear. It requires a lis pendens about the suit to set aside, invalidate, or challenge the foreclosure. That Wells Fargo provided constructive notice of its interest through the lis pendens in the separate suit does not satisfy the statute. The legislature knows how to write a statute that applies to any person with actual or constructive notice, and that is not what it did in section 702.036(1)(a)(4). We will not do it for them.

---

[1] Wells Fargo canceled the notice of lis pendens in April 2015, four years before it sought to vacate the final judgment.

5

Second, Wells Fargo argues section 702.036 does not apply to void judgments. That argument is reasonable. But, again, we are limited by the text of the statute. The legislature wished to provide finality to a mortgage foreclosure judgment. It included certain protections, such as preventing the application of the statute if the party seeking relief was not served with the lawsuit.[2] But it did not include a blanket prohibition against applying the statute if a court determines the judgment is void. We will not add such a provision to the statute.

*Conclusion*

The circuit court correctly concluded the final judgment is void but erred when it determined Wells Fargo's delay in seeking to vacate the judgment was unreasonable. Yet we must affirm because section 702.036, Florida Statutes (2019), precluded the court from granting relief "that adversely affects the quality and character of title." While we affirm the circuit court's order, we note that the statute requires the court to treat the motion challenging the final judgment as a "claim for monetary relief." To the extent applicable, the court must do so on remand. We express no opinion on any such claim.

*Affirmed and remanded with instructions.*

WARNER and ARTAU, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] The judgment would also be void if an interest holder was not served with the complaint. But, as noted, in that situation the statute would not apply. § 702.036(1)(a)(1), Fla. Stat.

6