# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

ANTHONY J. FANTAUZZI,

Appellant,

v.

JOHN P. FLECK, JR., and JAMES C. DAY,

Appellees.

No. 2D23-1390
_____

April 3, 2024

Appeal from the Circuit Court for Manatee County; Charles Sniffen, Judge.

Nicole Deese Newlon and Bradley F. Kinni of Johnson, Newlon & DeCort, P.A., Tampa, for Appellant.

John P. Fleck, Jr., pro se.

No appearance for remaining Appellee.

SILBERMAN, Judge.

Attorney Anthony J. Fantauzzi appeals the trial court's order denying his motion for relief from a final judgment awarding attorney's fees to John P. Fleck, Jr., also an attorney, pursuant to section 57.105, Florida Statutes (2022). We reverse the order denying relief because the final judgment awarding fees against Fantauzzi is void. Fantauzzi was

not provided with proper notice for attorney's fees to be awarded against him under section 57.105, violating his due process rights.

## I. BACKGROUND

### A. Underlying Case and Prior Appeal

James C. Day, acting pro se, filed a lawsuit ("the underlying case") against attorney Fleck, alleging that Fleck had perpetrated "fraud upon the court" during Fleck's representation of defendants in other cases. In the underlying case, Fleck filed numerous motions for attorney's fees against Day, relying on section 57.105 and asserting that the lawsuit was frivolous. Ultimately, the trial court dismissed the underlying case and entered a final judgment against Day awarding Fleck attorney's fees and an expert witness fee.

Day, still acting pro se, took an appeal from that judgment ("the prior appeal"). On April 29, 2022, he filed a pro se initial brief. On May 11, 2022, Fleck filed an answer brief and a motion for appellate attorney's fees under section 57.105. In that motion Fleck argued that he was entitled to fees because Day's appeal was frivolous and without merit.

On June 3, 2022, Fantauzzi filed a notice of appearance in the prior appeal as Day's counsel. At no point after Fantauzzi's appearance did Fleck amend his motion for appellate attorney's fees or file a new motion that would have put Fantauzzi on notice that he, too, may be subject to an award of fees under section 57.105.

The judgment that was the subject of the prior appeal was affirmed by this court. *Day v. Fleck*, 351 So. 3d 599 (Fla. 2d DCA 2022) (table decision). We also entered an order granting Fleck's motion for appellate attorney's fees, noting that Day had not filed a response to the motion and remanding for the trial court to determine the amount of fees to be

2

awarded.  The order made no mention of any liability that Fantauzzi should bear for fees.  Several days later, Fantauzzi filed a motion to withdraw as Day's counsel in the prior appeal, which we granted.

**B.     Proceedings on Remand after Prior Appeal**

On remand, Fleck filed multiple notices of an evidentiary hearing to be held on January 23, 2023, as to the amount of fees he should be awarded pursuant to this court's order.  But Fleck did not file any motion requesting an award of fees against Fantauzzi.  The notices of hearing listed Fantauzzi in the certificates of service but did not indicate that a fee award would be sought against him.

Prior to the scheduled hearing, Fantauzzi filed in the trial court a motion for leave to withdraw as Day's counsel of record, asserting irreconcilable differences.  Fantauzzi indicated that based on email communications, Fleck was aware that Fantauzzi was filing his motion to withdraw and did not object to his withdrawal.  Again, Fleck did not file anything indicating that he would be seeking a fee award against Fantauzzi.  Twenty days before the fee hearing, the trial court entered an order granting Fantauzzi's motion for leave to withdraw, stating that Fantauzzi and his law firm "are relieved of any further obligations to" Day, that Day shall have twenty days to secure new counsel, and that the fee hearing would go forward as scheduled.  The order added that "[i]n the interim, service of all pleadings may be deemed served to" Day at his specified address.

Fantauzzi, having withdrawn from representing Day, did not attend the fee hearing.  In a final judgment entered on January 27, 2023, the trial court awarded Fleck a total of $21,060 in attorney's fees.  The court stated that pursuant to section 57.105(1), the amount would be paid in equal amounts of $10,530 each by Day and Fantauzzi.

3

## C.    Motion for Relief from Judgment

On April 3, 2023, Fantauzzi filed in the trial court a motion for relief from the final judgment pursuant to Florida Rule of Civil Procedure 1.540.  He asserted that his due process rights were violated as follows: first, that when Fleck filed his motion for fees in the prior appeal, Day was unrepresented and this court's order only granted the motion as to Day; second, that he had only appeared on behalf of Day in the prior appeal after Fleck's fee motion had been filed; third, that he had no notice at any time in the prior appeal or in the trial court that Fleck was seeking fees against him; fourth, that fees were never sought against him until the fee hearing, after he had withdrawn from representing Day in the prior appeal and in the trial court; fifth, that the entry of the final judgment awarding fees against him, in violation of his due process rights, was unconscionable; and sixth, that he had not received a statutorily mandated safe harbor letter.  He argued that because of the due process violations, the fee judgment against him was void.

At an evidentiary hearing on the motion for relief, Fleck contended that the court had no jurisdiction to entertain the motion because the issue was for the appellate court and because Fantauzzi did not file a motion for rehearing of the fee judgment or appeal the fee judgment.

The trial court permitted Fantauzzi to testify as to the facts supporting the allegations made in his motion.  Fantauzzi testified that Fleck never notified him that Fleck was seeking fees against him and never served him with a copy of a motion seeking fees.  Further, once he began representing Day, he "never received a twenty-one-day safe harbor letter" or "the twenty-one-day notification period that's necessary for me to address the situation regarding 57.105 with my client as an attorney." He did not attend the fee hearing that led to the judgment because he

4

had no notice that fees were being sought against him and he had previously been allowed to withdraw from further representation of Day. He also testified that he had not been aware that a final judgment had been entered against him until over a month after the judgment had been entered. Although the judgment may have been received in his office soon after it was entered, he was no longer reviewing documents about the case because he had withdrawn from representation.

Fleck cross-examined Fantauzzi as to whether he had received or reviewed the notices of hearing and the final judgment awarding fees. Fantauzzi acknowledged receiving the notices of hearing but reiterated that the notices did not indicate that fees were being sought against him. When Fleck asked about the final judgment and a January 27, 2023, email from the court's judicial assistant, Fantauzzi testified that he did not review the documents until March 2023. Fleck asked, "you saw the final judgment because of some event that I caused with you which brought it to your attention in March; correct?" Fantauzzi answered "yes." He explained that he had not reviewed the email and judgment until March because he "was just receiving communications as typically happens to attorneys once they withdraw from a case but they are still on the certificate of service -- or the e-file list." He stated that "[a]s frequently happens, you continue to receive e-filing notifications on cases you're not accountable for. Hence, the reason why I wasn't reviewing this." Fleck presented no evidence at the hearing contradicting Fantauzzi's testimony or otherwise establishing that he had notified Fantauzzi that he was seeking fees against Fantauzzi.

At a later hearing during which the parties presented legal arguments, the trial court expressed concern as to the procedural aspects of the case and uncertainty as to whether this court's order in

5

the prior appeal authorized an award of attorney's fees solely against Day or equally against Day and Fantauzzi. The court stated that it was also uncertain as to whether Fantauzzi could be liable for appellate fees when he filed his notice of appearance in the prior appeal sometime after Fleck had filed his motion for fees against Day. The court indicated that Fantauzzi had notice of the proceedings and had not taken action to address the judgment until he filed the motion for relief. Ultimately, the court denied the motion for relief, stating that it was not convinced that it had correctly entered judgment against Fantauzzi but that it did not "believe that the 1.540 motion for voidance is a proper vehicle to get relief." Fantauzzi now challenges the denial of his motion for relief.

## II.  ARGUMENTS ON APPEAL

In this appeal, Fantauzzi argues the following: the trial court denied him due process, and thus, the final judgment is void; his motion for relief from judgment pursuant to rule 1.540 was the proper vehicle to seek relief from a void judgment; and the trial court, by entering judgment against him, exceeded the scope of this court's appellate order which granted Fleck's motion for attorney's fees that had been filed solely against Day as the pro se appellant.

In response, Fleck contends that Fantauzzi is not entitled to relief because he failed to seek rehearing of this court's prior order granting Fleck's motion for fees pursuant to Florida Rule of Appellate Procedure 9.330(a)(1) and because Fantauzzi did not seek review of the trial court's judgment awarding fees against him pursuant to rule 9.400(c). He maintains that the trial court correctly determined that Fantauzzi was not entitled to seek relief pursuant to rule 1.540.

Fantauzzi replies that he had no reason to seek rehearing of this court's order granting Fleck's motion for fees because the motion was

6

directed to Day, the then pro se appellant, and the order made no determination that Fleck was entitled to recover fees against Fantauzzi. Fantauzzi also states that he did not seek appellate review of the trial court's judgment awarding fees against Day and him individually as he had not been aware of the judgment until after the period in which to seek review had passed. He explains that after he had been allowed to withdraw from representing Day, he had no reason to continue monitoring the case or reviewing documents, even if sent to him.

### III. ANALYSIS

Generally, we review an order denying relief under rule 1.540(b) for an abuse of discretion. *Bank of America, N.A. v. Kipps Colony II Condo. Ass'n*, 201 So. 3d 670, 674 (Fla. 2d DCA 2016) (citing *Leach v. Salehpour*, 19 So. 3d 342, 344 (Fla. 2d DCA 2009)). "But '[a] decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment.' " *Id.* (quoting *Wiggins v. Tigrent, Inc.*, 147 So. 3d 76, 81 (Fla. 2d DCA 2014)).

"A violation of the due process guarantee of notice and an opportunity to be heard renders a judgment void." *Viets v. Am. Recruiters Enters., Inc.*, 922 So. 2d 1090, 1095 (Fla. 4th DCA 2006). Under rule 1.540(b)(4), "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons: . . . that the judgment, decree, or order is void." A party is denied due process when a court determines matters not noticed for hearing or awards relief not sought by the pleadings. *See Wanda I. Rufin, P.A. v. Borga*, 294 So. 3d 916, 918 (Fla. 4th DCA 2020) (concluding that the trial court denied an attorney due process when the court awarded attorney's fees against the

7

attorney where "[n]othing in the notice of hearing put [the attorney] on notice that the court would consider attorney's fees as a sanction against her personally at the hearing").

Section 57.105 provides:

(1)     Upon the court's initiative or motion of any party, the court shall award a reasonable attorney's fee, including prejudgment interest, to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim or defense at any time during a civil proceeding or action in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim or defense when initially presented to the court or at any time before trial:

(a)     Was not supported by the material facts necessary to establish the claim or defense; or

(b)     Would not be supported by the application of then-existing law to those material facts.

. . . .

(4)     A motion by a party seeking sanctions under this section *must be served but may not be filed with or presented to the court unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.*

(Emphasis added.)   It is also worth noting that a trial court commits reversible error when it grants a motion for sanctions that fails to comply with the safe harbor provision in section 57.105(4).  *Rivera Chiropractic, Inc. v. Rosello,* 336 So. 3d 409, 413 (Fla. 2d DCA 2022) (citing *Lago v. Kame By Design, LLC,* 120 So. 3d 73, 74-75 (Fla. 4th DCA 2013)).

Fantauzzi cites to multiple cases in support of his due process argument, including *Airan2, Airan-Pace & Crosa, P.A., v. Cadence Bank, N.A.,* 85 So. 3d 506 (Fla. 2d DCA 2012), *Shapiro v. WPLG, LLC,* 365 So. 3d 450 (Fla. 3d DCA 2023), and *Horticultural Enterprises. v. Plantas*

8

*Decorativas, LTDA*, 623 So. 2d 821 (Fla. 5th DCA 1993). The facts of those cases support our conclusions here.

In *Airan2,* this court reversed an award of attorney's fees under section 57.105 against an attorney. 85 So. 3d at 507. There, while the attorney had filed a notice of appearance as co-counsel, the motion for attorney's fees "*did not identify Mr. Airan as an attorney against whom fees were sought individually*." *Id.* (emphasis added). We recognized that the certificate of service on the fee motion also failed to include attorney Airan. *Id.*

In *Shapiro*, the Third District distinguished the facts of that case from *Airan2.* 365 So. 3d at 452-53. The *Shapiro* court concluded that section 57.105 attorney's fees should have been awarded against an attorney because the attorney "was named in the motion for attorney's fees *and* was served with the motion as evidenced by the certificate of service." *Id.* at 453 (emphasis added). The court, however, observed that the facts it was presented with were different than those in *Airan2,* where "the party [seeking fees] failed to identify the attorney in the motion for attorney's fees and failed to serve the attorney with the motion." *Id.* at 452-53.

Likewise, in *Horticultural Enterprises,* the court concluded that the trial court abused its discretion in setting aside an award of attorney's fees against counsel where the notice of hearing "*specifically requested fees to be assessed against counsel* under section 57.105." 623 So. 2d at 822 (emphasis added). Further, the court recognized that the notice of hearing "*separately identified the firm and the client* and both were served with a copy." *Id.* (emphasis added).

Fantauzzi also cites to *Rivera Chiropractic* in which this court reversed a judgment awarding attorney's fees against a party and its

attorneys as a sanction under section 57.105. 336 So. 3d at 411. There, the sanctioned party and attorneys were never served with the motions for fees prior to those motions being filed with the trial court. *Id.* at 413-14. The failure to properly serve the motions was a deprivation of the safe harbor period during which the opposing party would have had the opportunity to withdraw the pleading to which the motions were directed. *Id.* at 414. "Granting a motion for sanctions that does not comply with the safe harbor provision in section 57.105(4) is reversible error." *Id.* at 413.

The facts here are like those in *Airan2* and *Rivera Chiropractic.* Neither the motion for appellate attorney's fees filed in the prior appeal when Day was pro se nor the notices for the fee hearing thereafter filed in the trial court gave any indication that Fleck was seeking an award of fees against Fantauzzi. And as previously discussed, the order entered in the prior appeal granting Fleck's motion for fees contained no finding that Fleck was entitled to recover fees against Fantauzzi. The absence of such a finding is not surprising considering that Fantauzzi was not involved in the case until weeks after Fleck's only motion for fees had been filed. Further, nothing in our record shows that Fleck complied with the safe harbor provision mandated by section 57.105(4) prior to asking the trial court to award fees against Fantauzzi. Presumably, Fantauzzi would have been on notice that Fleck was seeking fees against him had Fleck established his compliance with that provision.

## IV. CONCLUSION

Based on the lack of notice and an opportunity to be heard, the final judgment awarding attorney's fees as a sanction against Fantauzzi is void for lack of due process. Thus, we reverse the trial court's order denying Fantauzzi's motion for relief from that judgment. On remand,

10

the trial court shall enter an order vacating the judgment as to Fantauzzi. Because Day is not a party to this appeal, we do not address the judgment as it relates to him.

Reversed and remanded.

CASANUEVA and SMITH, JJ., Concur.

_____

Opinion subject to revision prior to official publication.